BENJAMIN J. KNAPP, PLAINTIFF IN ERROR, *v.* EDMUND BANKS.

Where the plaintiff in the court below claims $2000 or more, and the ruling of the court is for a less sum, he is entitled to a writ of error.

But the defendant is not entitled to such writ where the judgment against him is for a less sum than $2000 at the time of the rendition thereof.

THIS was a case brought up by writ of error from the Circuit Court of the United States for the southern district of New York.

Banks had recovered a judgment in that court, against Knapp, for $1720.

*Ogden* moved to dismiss the case for want of jurisdiction, which was opposed by *Benedict* upon the ground that adding interest upon the judgment down to the time when the writ of error was brought, would make it exceed $2000; and he cited 3 Peters, 32, to show that the amount in controversy in this court determined the jurisdiction.

Mr. Justice STORY delivered the opinion of the court.

We entertain no doubt whatsoever upon this question. The amount in controversy is to be decided by the sum in controversy at the time of the judgment, and not by any subsequent additions thereto, such as interest. The distinction constantly maintained is this: Where the plaintiff sues for an amount exceeding $2000, and the *ad damnum* exceeds $2000, if by reason of any erroneous ruling of the court below, the plaintiff recovers nothing, or less than $2000, there, the sum claimed by the plaintiff is the sum in controversy for which a writ of error will lie. But if a verdict is given against the defendant for a less sum than $2000, and judgment passes against him accordingly, there it is obvious that there is, on the part of the defendant, nothing in controversy beyond the sum for which the judgment is given; and consequently he is not entitled to any writ of error. We cannot look beyond the time of the judgment in order to ascertain whether a writ of error lies or not.

### ORDER.

Mr. *Ogden,* of counsel for the defendant in error, moved the court to dismiss this writ of error for the want of jurisdiction, because the matters or sum in controversy, exclusive of costs, did not exceed $2000; which was opposed by Mr. *Benedict,* of counsel for the plaintiff in error, who contended that although the judgment of the Circuit

Court was only for $1720, yet that the interest on that sum added thereto would make it exceed $2000.    To which Mr. *Ogden* rejoined, that the right of the party to a writ of error, was controlled by the amount at the rendition of the judgment and could not be enlarged by time.    On consideration whereof, It is the opinion of this court that where the plaintiff in the court below claims $2000 or more, and the ruling of the court is for a less sum, that he is entitled to a writ of error : but that the defendant in the court below is not entitled to such writ where the judgment against him is for a less sum than $2000 at the time of the rendition thereof—that this is the settled practice of this court.    Whereupon it is now here ordered and adjudged by this court that this writ of error be and the same is hereby dismissed for the want of jurisdiction

*February 3d.*