HENRY G. GORDON, Respondent, v. CHARLES L. ROSS, Appellant.

Though the plaintiff recover less than $200, the defendant is entitled to an appeal, if the costs added to the judgment, exceed $200.

By the Statute of Frauds, a promise to pay the debt of a third person must be in writing, though to be performed within one year.

APPEAL from the Fourth Judicial District.

. Gordon sued Ross for $500, for professional services as an attorney. A bill of particulars was filed, stating the cases, &c., in which the plaintiff had acted. The answer denied the complaint. The defendant asked the Court to instruct the jury, that if the plaintiff acted in the case of Galloway, (one of the items in the bill of particulars,) on the credit of Galloway, the defendant was not liable unless he had made himself so by writing; and further if by an express or implied contract, the defendant and one Kelly were each to pay one-half of certain items, both should have been sued; which the Court refused; but charged the jury that a contract to be performed in one year need not be in writing; and if the defendant promised to pay the debt of another, it need not be in writing, if to be performed in one year. The defendant excepted. The jury found a verdict for the plaintiff for $173 : and final judgment was rendered therefor, with $150 costs.

The defendant appealed.

Jno. S. Hager, for the appellant, among other things, objected that the plaintiff was not entitled to costs, having recovered less than $200.

Burritt and Musson, for the respondent. Their brief is not on file.

Chief Justice MURRAY delivered the opinion of the Court. On the trial of this cause in the court below, the plaintiff recovered a judgment for the sum of $173, and $150 costs : from which judgment the defendant appealed. The respondent contends that this court has no jurisdiction, and that the amount in controversy does not exceed $200. The Constitution of this

State provides, that this court shall have appellate jurisdiction in all cases where the amount in controversy exceeds $200. In the cases of Smith *v.* ———, and Gordon *v.* Ogden, 3 Peters, the Supreme Court of the United States held that the amount in controversy, on an appeal by the plaintiff, was the *ad damnum* as laid in the declaration; but on an appeal by the defendant, the actual amount of the verdict as found by the jury was to be considered the amount in controversy. These cases overrule the case of Wilson *v.* Daniel, 3 Dall., which proceeded on the doctrine, that the defendant should have the same right to an appeal as the plaintiff, and that the *ad damnum* must govern in ascertaining the amount in controversy. Without stopping to inquire into the propriety of these latter decisions, we are called upon to determine if the costs in the court below can be admitted as a portion of the amount in controversy. The decisions of the Supreme Court of the United States can have no bearing on this case, as it will be observed that the Judiciary Act of 1789 uses the words, " exclusive of costs," *ex industria;* and these words have been wholly dropped in the Constitution of this State, and in the act concerning appeals. There does not appear to be any good, reason why this Court should deny an appeal when the amount of the judgment and costs exceeds the sum of $200. The judgment and costs then become the amount in controversy, as to the defendant; and it would seem that he is in justice as much entitled to an appeal as if the verdict had been more, and the costs less, or nominal. In fact, if this court should refuse to take jurisdiction in such case, it would leave the party without a remedy upon every question of taxation of costs where the amount recovered was less than $200; when it is well known that in suits for smaller amounts, the costs far exceed the amount claimed or recovered.

It is not disputed that the instructions given by the court below were erroneous.

Judgment affirmed, with costs.