## DUMPHY & HILDRITH v. GUINDON et al.

THE words "matter in dispute" in Section 4 of Article 6 of the Constitution, conferring jurisdiction on the Supreme Court, mean the subject of litigation—the matter for which suit is brought.

Costs of suit form no part of the matter in dispute. The appellate jurisdiction of this Court in cases of mere money demands, not involving the legality of any tax, toll, impost, or municipal fine, can be exercised only when the amount for which suit is brought exceeds two hundred dollars.

Gordon v. Ross, 2 Cal. 156, overruled.

APPEAL from the County Court of Tuolumne County.

Action in a Justice's Court on a note and account amounting to ninety-eight dollars and ninety-one cents. Judgment for de-

fendant for costs, seventy-six dollars and fifty-five cents. Plaintiff appealed to the County Court, where the judgment below was reversed and a new trial ordered in that Court. In the County Court a nonsuit was first granted, and afterwards, on motion to set it aside, judgment final was rendered for defendants for costs, ninety dollars and ten cents, which includes a part of the costs in the Justice's Court. Plaintiffs appeal to the Supreme Court.

*H. P. Barber,* for Appellants.

This Court has jurisdiction. The note sued on in the Justice's Court being ninety-eight dollars and ninety-one cents; the costs paid by plaintiffs, seventy-six dollars and fifty-five cents; and the costs in the County Court, ninety dollars and ten cents; in all two hundred and sixty-five dollars and fifty-six cents, constitute the amount in dispute. (Gordon *v.* Ross, 2 Cal. 156; 7 Peters U. S. 647; 16 Peters U. S. 97.)

*L. Quint, and Robinson, Beatty & Heacock,* for Respondents, argued:

*First*—That in estimating the amount in dispute, the item of seventy-six dollars and fifty-five cents, costs in the Justice's Court, should not be included, because when the County Court ordered a trial *de novo* the judgment for costs became a nullity. (Campbell *v.* Howard, 5 Mass. 378; Keen *v.* Turner, Ib. 265.) And that as the original demand, ninety-eight dollars and ninety-one cents, added to the costs in the County Court, ninety dollars and ten cents, fell below two hundred dollars, this Court had no jurisdiction.

*Second*—That the true rule was for this Court not to entertain jurisdiction except in cases where two hundred dollars, over and above costs, are involved.

FIELD, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This action was brought originally in a Justice's Court, where the defendant obtained judgment for seventy-six dollars and fifty-five cents costs. The demand claimed in the complaint is ninety-eight dollars and ninety-one cents. On the trial upon appeal in the County Court the plaintiff was nonsuited and judg-

ment was entered against him for ninety dollars and ten cents costs. From this judgment the appeal is taken, and the proposition presented is, whether this Court possesses any appellate jurisdiction to entertain it; and the solution of the proposition depends upon the question whether costs can properly be considered as forming any part of the matter in dispute between the parties.

Section 4 of Article 6 of the Constitution provides that "the Supreme Court shall have appellate jurisdiction in all cases when the matter in dispute exceeds two hundred dollars; when the legality of any tax, toll, or impost, or municipal fine, is in question, and in all criminal cases amounting to felony, on questions of law alone;" and in Conant *v.* Conant, (10 Cal. 253,) we construed this section to mean that the Court possesses appellate jurisdiction in all cases; *provided,* that when the subject of litigation is capable of pecuniary computation, the matter in dispute must exceed in value or amount two hundred dollars, unless the legality of a tax, toll, impost, or municipal fine, is drawn in question. By matter of dispute, is meant the subject of litigation. It can have no other rational meaning. It is the matter for which suit is brought—the matter upon which issue is joined, and in relation to which witnesses are examined, juries are called, and the verdict is rendered. The costs are merely incidental to the suit. It is not for them the action is brought or defended, or upon them the witnesses are examined or the jury pass. We are aware of the decision in Gordon *v.* Ross, (2 Cal. 156,) and if any reason were wanting for overruling it as authority, aside from the inherent defect in the reasoning of the opinion, it is to be found in the practical operation of the decision, which has been, to a great extent, to destroy the limitation expressly imposed by the Constitution upon appeals to this Court, in cases under two hundred dollars. It has led to appeals in cases of money demands where the amount claimed was less than one hundred dollars, as in the present case, to the manifest departure from the intention and language of the Constitution. That instrument allows appeals when the legality of a tax, toll, impost, or municipal fine, is in question, without reference to the actual amount claimed, but in money demands under two hundred dollars, in-

volving no such question, it leaves, and we think, wisely, the remedy of the parties to their one appeal to the County Court.

Our conclusion, then, is that the costs of a suit form no part of the matter in dispute; that to the exercise of the appellate jurisdiction of this Court in cases of mere money demands not involving the legality of any tax, toll, impost, or municipal fine, the amount for which suit is brought must exceed two hundred dollars, and, as a consequence, that no appeal lies in the present case.

Appeal dismissed.