## GILLESPIE *v.* BENSON *et al.*

THE failure of either party to appear on the trial of a civil case operates as a consent on his part that the issue be tried by the Court without a jury. But such failure to appear does not authorize the trial to be had by a jury of less than twelve persons.

A less number than twelve persons does not constitute a legal jury, without the consent of the adverse party; and such consent must be express, and entered at the time in the minutes of the Court, and cannot be inferred from the mere absence of the party.

Gillespie *v.* Benson.

Plaintiff sued for four hundred and sixty dollars for goods sold and delivered. Defendants plead an offset, and had verdict and judgment for two hundred dollars, with forty-four dollars costs. Plaintiff appeals : *Held,* that the Supreme Court has jurisdiction ; that the "amount in dispute," within section four, article six of the Constitution, is not determined, where plaintiff is appellant, by the amount of the offset pleaded by defendants or found by a jury.; that in such case the amount claimed by the complaint, the action being for a debt or damages only, is to be considered in determining whether this Court has appellate jurisdiction in the case.

APPEAL from the Fourth District.

The facts are stated in the opinion of the Court. Plaintiff appeals.

*Currey & Mastick,* for Appellant, cited Pr. Act, secs. 159, 179, 180 ; *Smith* v. *Pollock,* 2 Cal. 92, 246 ; 5 Id. 112 ; 3 Blac. 271 ; *Parsons* v. *Bedford,* 3 Pet. 445, 446 ; Dwarris on Stat. 564.

*Henry J. Wells,* for Respondents.

1. The judgment being for two hundred dollars only, the Supreme Court has no jurisdiction. (Const. art. 6, sec. 4 ; *Crandall* v. *Blen,* 15 Cal. 406 ; 10 Id. 252 ; 13 Id. 28 ; 14 Id. 278.)

2. Plaintiff by failing to appear waived a jury, and the trial was properly had by a jury of four. (Pr. Act, secs. 179, 159–174 ; Const. art. 1, sec. 3 ; 4 Cal. 112 ; 10 Id. 178 ; 16 Id. 432 ; 13 Id. 115.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

When this case was called for trial the plaintiff was not present, and thereupon the defendants, who had pleaded a set-off to the demand in suit, consented that the trial be conducted with four jurors only. That number was accordingly impanneled, the trial proceeded with, and a verdict rendered for the defendants in the sum of two hundred dollars. A motion to set aside the verdict and for a new trial, based on the ground that the trial was had with only four jurors, was made, and overruled ; and from the order overruling the motion, and from the judgment on the verdict, the appeal is taken.

Gillespie *v.* Benson.

The Constitution of the State declares that " the right of trial by jury shall be secured to all, and remain inviolate forever ; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law." (Art. 1, sec. 3.) The one hundred and seventy-ninth section of the Practice Act prescribes the manner in which a jury may be waived, and among other modes, by the parties failing to appear for trial. The one hundred and fifty-ninth section of the same act fixes the number of persons who shall constitute a trial jury at twelve, unless the parties consent to a less number, and provides that they may consent to any number not less than three. These provisions determine the question raised by the plaintiff. His failure to appear at the trial operated as a consent on his part that the issue should be tried by the Court without a jury. The defendants could have made this consent mutual by submitting the case to the Court ; but as they did not choose to take that course, and called for a jury, they were bound to take the number required by law. Twelve is that number, and a less number will not constitute a legal jury without the consent of the adverse party. Such consent must be express, and entered at the time in the minutes of the Court. It cannot be inferred from the mere absence of the adverse party. Such absence is a consent under the statute to a trial by the Court, but nothing further. A party might well give such a consent, who would object, if a jury were to be called, to take a less number of jurors than twelve.

The objection of the respondents, that as the verdict of the jury amounted to only two hundred dollars, no appeal lies from the judgment rendered thereon, is untenable. The complaint is for a demand of four hundred and sixty dollars, and the " amount in dispute," within the meaning of the Constitution, is not determined, where the plaintiff is appellant, by the amount of the offset pleaded by the defendants or found by the jury. In such case, the amount claimed by the complaint, the action being for a debt or damages only, is to be considered in determining whether this Court has appellate jurisdiction in the case.

Judgment reversed, and cause remanded for a new trial.