## VOTAN v. REESE et al.

In determining whether the "matter in dispute" is sufficient to give to the Supreme Court jurisdiction of an appeal, the costs of the action cannot be considered. Costs are merely incidental to the action, and constitute no part of the matter in dispute.

To give this Court jurisdiction of an appeal in an action simply for money or damages, where no question as to the legality of a tax, toll or municipal fine is involved, if the appeal is by the defendant, the judgment, exclusive of costs, must exceed two hundred dollars; if the appeal is by the plaintiff and the verdict is for the defendant, it will be sufficient if the amount claimed by the complaint exceeds that sum; if the appeal is by the plaintiff and the verdict is for him, the difference between its amount and that claimed must exceed that sum.

When the Supreme Court has obtained jurisdiction of the case by appeal from a sufficient judgment, it can then correct the costs, which are inserted in the judgment, as to any item which is improperly charged.

APPEAL from the Sixteenth Judicial District.

7

The facts of the case are sufficiently stated in the opinion of the Court.

*Humphrey Griffith*, for Appellants.

*Tod Robinson*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

This action was brought to recover damages for injuries to the property of the plaintiff, occasioned by a ditch constructed by the defendants, and to obtain a judgment of the Court declaring the ditch a nuisance, and directing the defendants to fill it up. The jury gave a verdict for the plaintiff, and assessed his damages at one hundred dollars, but added a special finding that the ditch was not a nuisance. Upon the verdict, judgment was entered for the plaintiff for one hundred dollars, and costs taxed at one hundred and seventy-four dollars and forty cents. To so much of the judgment as awards costs to the plaintiff, the defendants objected, and moved for judgment for costs in their favor; but the Court overruled the objection and motion, and hence the present appeal.

The position of the appellants is, that the jury having found that the ditch was not a nuisance, the case is to be regarded, so far as the costs are concerned, as a simple action for damages for injuries to the property of the plaintiff. If this position be correct, no costs were taxable to either party under the statute, the damages recovered being less than two hundred dollars. (Pr. Act, sec. 498.) And further, we have no appellate jurisdiction to review the ruling of the Court below. In actions simply for money or damages, where no question as to the legality of a tax, toll, impost or municipal fine is involved, this Court has appellate jurisdiction only in cases where the *matter in dispute* exceeds two hundred dollars. Costs are merely incidental to the action. They constitute no part of the matter in dispute. To enable us, therefore, to review the ruling of the Court below upon the subject of costs, in an action of this character, where the defendant appeals, the judgment, independent of costs, must exceed two hundred dollars. Where the plaintiff is appellant in such action, if the verdict be for the defend-

ant, it will be sufficient if the amount claimed by the complaint exceeds that sum; or if the verdict is for the plaintiff, if the difference between its amount and that claimed exceeds that sum. (*Gillespie* v. *Benson*, 18 Cal. 411.)   When we have obtained jurisdiction of the case by the appeal from the judgment, we can proceed to correct the costs which are inserted in the judgment, as to any item which is improperly charged.   We can interfere in no other way.

Appeal dismissed.