## E. F. MAXFIELD v. J. M. JOHNSON.

JURISDICTION OF SUPREME COURT.—The Supreme Court has no jurisdiction on
appeal in an action for a money judgment where the amount sued for is less than
three hundred dollars.

COSTS NOT INCLUDED TO GIVE JURISDICTION.—The costs in an action constitute no
part of the amount in controversy, and are not included for the purpose of making
a sum sufficient to give the Supreme Court jurisdiction.

APPELLATE JURISDICTION OF SUPREME COURT.—The fact that the defendant sets up
a counterclaim in excess of three hundred dollars, does not give the Supreme
Court jurisdiction on appeal.

JURISDICTION OF JUSTICE OF COUNTERCLAIM.—A defendant in a Justice's Court
cannot set up a counterclaim for a sum exceeding three hundred dollars.

TEST OF JURISDICTION.—The *ad damnum* clause in a complaint is the test of juris-
diction.

APPEAL from the County Court of the City and County of
San Francisco.

The plaintiff commenced an action before a Justice of the
Peace to recover judgment on an account for two hundred and
ninety-eight dollars.   The defendant answered, setting up a
counterclaim in the sum of five hundred and seventy dollars.
Upon the trial the plaintiff obtained judgment for one hundred
and seventy-five dollars, from which judgment the defendant
appealed to the County Court.   In the County Court the action
was referred to a referee to try the issues and report a judg-
ment.   The referee reported a judgment in favor of plaintiff
for one hundred and seventy dollars.   The defendant moved
for a new trial, which was denied by the County Court.   The
defendant then appealed from the judgment and from the order
denying a new trial.

*Eugene B. Drake,* for Appellant, argued that the fourth section of the Constitution, as amended, only gave the right of appeal affirmatively where the amount in controversy amounted to three hundred dollars, but did not prevent the Legislature from providing for an appeal in other cases, and that at the time this appeal was taken (August 28th, 1865,) section three hundred and fifty-nine of the Practice Act allowed appeals in all cases where the amount in controversy exceeded two hundred dollars. He also argued that the amount in dispute here was over three hundred dollars, as the set-off pleaded exceeded three hundred dollars. He cited *People* v. *Fowler,* 9 Cal. 89.

*W. C. Burnett,* for Respondent, argued that the Legislature had no power to give appeals in cases where the amount in controversy was less than three hundred dollars, and that the Court below had no power to have taken into consideration the counterclaim, as it exceeded its jurisdiction; and cited Practice Act, Sec. 574; and *Malson* v. *Vaughn,* 23 Cal. 61.

By the Court, SANDERSON, J.:

This Court has no jurisdiction in this case. The amount sued for was only two hundred and ninety-eight dollars. The appellate jurisdiction of this Court is fixed by the Constitution, and in this class of cases is limited to such as involve the sum of three hundred dollars, exclusive of interest, and it is not in the power of the Legislature to confer jurisdiction in cases where the demand, exclusive of interest, is less. The *ad damnum* clause in the complaint is the test of jurisdiction, and the costs of the action constitute no part of the amount in controversy. This question is unaffected by the fact that the defendant sets up a counterclaim in excess of three hundred dollars. He had no legal right to do so. He could set up only such a counterclaim as he could have sued upon in a Justice's Court. (Prac. Act, Sec. 574.)

Appeal dismissed.