[No. 7,973—In Bank.]
June 30, 1882.

# T. W. DASHIELL v. H. SLINGERLAND.

JURISDICTION OF SUPREME COURT—CONSTITUTIONAL LAW—TRESPASS.—In an action for trespass on land in which the title of the plaintiff to the *locus in quo* was admitted, the amount alleged as damages and demanded in the prayer of the complaint was nine hundred dollars, and the verdict and judgment were for two hundred dollars.

*Held:* This Court has appellate jurisdiction of the case. [MORRISON, C. J., dissenting.]

ID.—ID.—JURISDICTION OF SUPERIOR COURT.—The settled rule is that the amount sued for exclusive of interest is the test of jurisdiction in this Court (as also in the Superior Court) in all cases where actions are brought to recover money. [MORRISON, C. J., dissenting.]

ID.—ID.—ID.—CASES DISTINGUISHED : *Gordon* v. *Ross,* 2 Cal. 156; *Doyle* v. *Seawall,* 12 id. 280; *Votan* v. *Reese,* 20 id. 90; *Dunphy* v. *Guindon,* 13 id. 28; *Zabriskie* v. *Torrey,* 20 id. 173; *Meeker* v. *Harris,* 23 id. 286; *Melson* v. *Melson,* 2 Munf. 542; *Tipton* v. *Chambers,* 1 Metc. 565 ; *Walker* v. *U. S.,* 4 Wall. 163 ; distingished.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of Mendocino County. McGARVEY, J.

*J. A. Cooper,* for Appellant.

*Thomas B. Bond,* for Respondent.

This Court has no jurisdiction of the appeal because the judgment is for only a money demand, does not amount to three hundred dollars, and defendant appeals.

THORNTON, J.:

The plaintiff brought this action to recover of defendant damages for a trespass on his land, and tearing down and removing a fence therefrom, and leaving his pasture land uninclosed, whereby he avers that he has suffered damage to the amount of nine hundred dollars. The defendant in his answer admitted the title of the plaintiff to the land on which the wrongs are alleged to have been committed. On the trial the jury rendered a verdict for plaintiff for two hundred dollars, on which judgment was accordingly entered. The defendant moved for a new trial, which was denied, and

he appealed from the judgment and order denying a new trial. Respondent moves to dismiss the appeal on the ground that this Court is without jurisdiction, as the judgment appealed from is less than three hundred dollars.

By the 4th section of Art. vi of the Constitution it is provided that this Court "shall have appellate jurisdiction in all cases in equity, except such as arise in Justice's Courts; also in all cases at law which involve the title or possession of real estate, or the legality of any tax, impost, assessment, toll, or municipal fine, or in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars," etc., etc. The remainder of the section has no application and is therefore not inserted. The statute in relation to the appellate jurisdiction of this Court, as far as concerns this cause, follows the language of the Constitution. (C. C. P., § 52.)

It will be seen from the above that the title to the land was not involved in the action, as the defendant admitted the title of plaintiff.

The portion of the section of the Constitution above referred to, which is invoked by counsel for the motion, is that which relates to the demand, value of the property in controversy. It is prescribed that the demand, exclusive of interest shall amount to three hundred dollars, or the value of the property in controversy shall amount to three hundred dollars, in order that this Court may exercise its appellate jurisdiction.

The Constitution of this State, as amended in 1862, (see Art. vi, Sec. 4, of that instrument), contained language as to the jurisdiction of the Supreme Court as to these matters, identical with the present Constitution. That language was construed in the case of *Solomon* v. *Reese*, 34 Cal. 33. The plaintiff in the case cited had judgment for three hundred dollars, and thirty-two dollars and sixty-one cents interest. He appealed, and the question was raised as to the appellate jurisdiction of the Supreme Court under the amendment of 1862. The Supreme Court sustained the jurisdiction, considered the cause on its merits and decided it. The Court, per Sanderson, J., used this language:

" The point made by the respondent, that this Court has no

jurisdiction, is not tenable.  In actions for the recovery of money, this Court has jurisdiction, 'if the demand, exclusive of interest, amounts to three hundred dollars.' (Const. Art. vi., Sec. 4.)  The demand, exclusive of interest, in this case, amounts to five hundred and fifty dollars.  The language of the Constitution in respect to the jurisdiction of this Court is the same as it is in respect to the jurisdiction of the District Court, and there can be, therefore, no difference in the rules by which questions as to the jurisdiction of the subject matter are to be determined in the two Courts.  For the purpose of ascertaining whether the District Court has jurisdiction, we look to the complaint, and in this class of cases, if the sum sued for amounts to three hundred dollars, exclusive of interest, that Court has jurisdiction, and by parity of reason, this Court has jurisdiction on appeal.  The amount sued for, exclusive of interest, is the test of the jurisdiction of this Court, as well as of that of the District Court, regardless of the judgment of the latter Court.  We dissent entirely from the dictum of the Court in the case of *Votan* v. *Reese*, 20 Cal. 90, to the effect that where the plaintiff recovers in the District Court less than he sues for, the test of the jurisdiction of this Court, in the event the plaintiff appeals, is the difference between the judgment of the District Court and the demand made in the complaint, exclusive of interest.  All civil cases which the District Courts have jurisdiction to try, this Court has jurisdiction to review, no matter what the judgment of the District Court may have been.  If the plaintiff sues to recover a demand for five hundred dollars, and the District Court gives him a judgment for three hundred only, his demand does not thereby become converted into a demand for two hundred dollars, for the purposes of an appeal, should he be dissatisfied with the judgment and desire to bring his case to this Court.  On the contrary, in the sense of the Constitution, his demand in this Court is precisely the same that it was in the Court below, and is to be ascertained by looking to the complaint and not by deducting the judgment of the District Court from the demand alleged in the complaint.  In other words the *ad damnum* clause in the complaint is the test of jurisdiction in this Court as well as in the Court below.  (*Maxfield* v. *Johnson*, 30 id. 546.)"

The same rule is laid down by the same Court in *Maxfield* v. *Johnson*, 30 id. 546. But that was a case arising in a Justice's Court, and it does not appear that the point so clearly arose as in *Solomon* v. *Reese.*

The same point was made in *Pennybecker* v. *McDougal*, 48 Cal. 161, but the Court paid no attention to it in rendering its judgment in the cause, no doubt deeming it so well settled by the former decisions that it deserved no further consideration. In the last case the plaintiff sued to recover property alleged to be of the value of four hundred dollars. He had judgment for a return of the property, and if a return could not be had, then for its value, assessed at two hundred and twenty-five dollars. The defendant appealed. The Court heard the case, and reversed the judgment, and remanded the cause with an order to the Court below to modify the judgment by reducing the damages to seventy-five dollars.

The rule settled by these cases is that the amount sued for, exclusive of interest, is the test of jurisdiction in this Court as in the former District Court (and the same may be said now of the jurisdiction of the Superior Court) in all cases where actions are brought to recover money.

It is true that this was said in a case (*Solomon* v. *Reese*) where the plaintiff appealed, but we are of opinion that the same rule is correct where the defendant appeals. The *demand* referred to in the Constitution and the statute, is the amount sued for in the action, exclusive of interest. The defendant makes no demand, unless probably, when he sets up a counter-claim. The plaintiff makes the demand, and the defendant only seeks to be relieved from the plaintiff's demand. In the case before us the demand is nine hundred dollars, expressed in the *ad damnum* clause.

Our judgment is that this Court has appellate jurisdiction in this case. The cases cited by counsel for respondent were made under Constitutions or statutes in which the provisions on this matter were manifestly different from our Constitution and statute.

*Gordon* v. *Ross*, 2 Cal. 156; *Doyle* v. *Seawall*, 12 id. 280; *Votan* v. *Reese*, 20 id. 90, were decided under the Constitution of 1849, and that Constitution provided that the Supreme Court should have appellate jurisdiction in all cases where

"*the matter in dispute*" exceeded two hundred dollars. These cases, so far as they are in conflict with the decision here, are governed by the words "*matter in dispute*" and the *matter in dispute* where the defendant appealed, was held to be the amount of the judgment recovered against him in the Court below. It will be observed that the Constitution of 1849 did not exclude interest in fixing the appellate jurisdiction of the Supreme Court. (*Votan* v. *Reese,* 20 Cal. 89; see also *Dunphy* v. *Guindon,* 13 id. 28; *Zabriskie* v. *Torrey,* 20 id. 173; *Meeker* v. *Harris,* 23 id. 286.)

*Bolton* v. *Landers,* 27 Cal. 106, though under the Constitution as amended in 1862, has no application. *Gillespie* v. *Benson,* 18 id. 409, was an appeal by plaintiff and it was sustained. The action was brought in the District Court, and the plaintiff sued for four hundred and sixty dollars, for goods sold and delivered. Under all the Constitutions such appeal would be entertained.

The language is also different in the statutes as to the other cases cited by the respondent's counsel. (*Melson* v. *Melson,* 2 Munf. (Va.), 542; *Tipton* v. *Chambers,* 1 Metc. (Ky.), 565; *Walker* v. *United States,* 4 Wall, 163.) In those cases the words were "matter in controversy" (1 Rev. Code Va., 198), or "value in controversy" (Stats. of 1857–58 of Ky., p. 58), or "matter in dispute." This last was the language used in the Act of Congress under which the appeal was prosecuted. (4 Wall, 163.)

The rule laid down in *Solomon* v. *Reese,* meets our approval. It is just and equitable, as it accords to both plaintiff and defendant an equality of right in prosecuting appeals.

No property is in controversy here and the clause in relation to the value of the property in controversy need not be considered.

We have examined the errors assigned and find the ruling of the Court in regard to them correct.

There was evidence on all the issues on which the jury was to pass. There was some conflicting evidence, but we can not reverse on this account.

The motion to dismiss is overruled. Judgment and order affirmed.

McKEE, ROSS, and McKINSTRY, JJ., concurred.

MORRISON C. J., dissenting.

Action in the nature of trespass to recover nine hundred dollars damages.

There was a jury trial in the case, with verdict and judgment in favor of plaintiff for two hundred dollars, and the appeal is by defendant. Has this Court jurisdiction? The provision of the Constitution applicable to the case is, that the appellate jurisdiction of the Supreme Court shall extend to all cases "in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars."

It is said that the decisions of the Court upon this question are conflicting, and I will notice them briefly.

The first case to which I will refer is that of *Dunphy* v. *Guindon,* 13 Cal. 28. That was an action commenced in a Justice's Court to recover the sum of ninety-eight dollars and ninety-one cents. On appeal to the County Court the plaintiff was nonsuited, and from the judgment of nonsuit he appealed to this Court. It was held that the Supreme Court had no jurisdiction, and the Court say: "By matter of dispute is meant the subject of litigation. It can have no other rational meaning. It is the matter for which suit is brought—the matter upon which issue is joined, and in relation to which witnesses are examined, juries are called and the verdict rendered. The costs are merely incidental to the suit."

The next case is *Votan* v. *Reese,* 20 Cal. 89, and in that case the Court say: "To enable us, therefore, to review the ruling of the Court below upon the subject of costs, in an action of this character, *where the defendant appeals,* the judgment, independent of costs, must exceed two hundred dollars. Where the plaintiff is appellant in such action, if the verdict be for the defendant, it will be sufficient if the amount claimed by the complaint exceeds that sum; or if the verdict is for the plaintiff, if the difference between its amount and that claimed exceeds that sum." This case refers to the case of *Gillespie* v. *Benson,* 18 Cal. 409, where it was held

that "the amount in dispute, within the meaning of the Constitution, is not determined where the *plaintiff* is appellant, by the amount of the offset pleaded by the defendants or found by the jury. In such case the amount claimed by the complaint, the action being for a debt or damages only, is to be considered in determining whether this Court has appellate jurisdiction in the case."

The next case is that of *Skillman* v. *Lachman,* 23 Cal. 199, in which the following language is found: "Where the *plaintiff* is appellant, and the judgment is for the defendant, the jurisdiction of this Court is determined by the amount claimed by the complaint, for that is the 'amount in dispute' in such cases. (*Gillespie* v. *Benson,* 18 Cal. 410; *Votan* v. *Reese,* 20 id. 89.) But if the appeal is by the plaintiff from a judgment in his favor, then the 'amount in dispute' is the difference between the amount of the judgment and the sum claimed by the complaint. (*Votan* v. *Reese,* 20 Cal. 89.) So, upon the same principle, if the appeal is taken by the *defendant* from a judgment rendered against him for a sum exceeding two hundred dollars, exclusive of costs and percentage, this Court has jurisdiction of the case, because the *amount of the judgment* is the '*amount in dispute*' on the appeal."

The above cited cases seem to hold that when the appeal is taken by the *defendant* the jurisdiction of the appellate Court does not depend upon the amount *claimed,* but is determined by the *amount of the recovery or judgment.* Then follows the case of *Maxfield* v. *Johnson,* 30 Cal. 545, where it is said that, "The *ad damnum* clause in the complaint is the test of jurisdiction, and the costs of the action constitute no part of the amount in controversy." In that case the amount sued for was only two hundred and ninety-eight dollars, and it is very clear that neither party had the right of appeal to the Supreme Court. Following the case last referred to is that of *Solomon* v. *Reese,* 34 id. 28, and that case holds that, "The amount sued for, exclusive of interest, is the test of the jurisdiction of this Court, as well as that of the District Court. We dissent entirely from the *dictum* of the Court in the case of *Votan* v. *Reese,* 20 id. 90, to the effect that where the plaintiff recovers in the District Court less than he sues for, the test of the jurisdiction of this Court, in the event the

plaintiff appeals, is the difference between the judgment of the District Court and the demand made in the complaint, exclusive of interest. All civil cases which the District Courts have jurisdiction to try, this Court has jurisdiction to review, no matter what the judgment of the District Court may have been. * * * In other words, the *ad damnum* clause in the complaint is the test of the jurisdiction in this Court, as well as in the Court below. (*Maxfield* v. *Johnson*, 30 Cal. 546.)"

If this case were accepted as law, in the broad sense in which it speaks of the appellate jurisdiction of this Court, there would be an end of the controversy. But the case is not authority upon the point which I am now considering, because the appeal was taken by the *plaintiff*, and the question whether the *defendant* can appeal, when the judgment is against him for a less amount than three hundred dollars, was not before the Court, and what appears there, which is at all applicable to an appeal by a defendant in such a case, is mere *obiter dictum*.

There may be, and I believe there are, other cases in which the question of the appellate jurisdiction of this Court has been passed upon, either directly or indirectly; but the cases as a whole are so unsatisfactory, and apparently so much in conflict, that I feel at liberty to treat the question as if it were a new one in this Court, and to determine it according to what I believe to be a true construction of the Constitution and a correct exposition of the law.

It may aid in the determination of this question to examine a few of the cases decided by the Supreme Court of the United States, and involving the appellate jurisdiction of that tribunal.

By the Judiciary Act of September 24, 1879, it was provided that "all final judgments of any Circuit Court, or of any District Court acting as a Circuit Court, in civil actions brought there by original process, or removed there from Courts of the several States, and all final judgments of any Circuit Court in civil actions removed there from any District Court by appeal or writ of error, wherein the matter in dispute, exclusive of costs, exceeds the sum or value of two thousand dollars, may be re-examined and reversed or af-

firmed in the Supreme Court upon a writ of error." And by the Act of third of March, 1803, it is further provided that "an appeal shall be allowed to the Supreme Court from all final decrees of any Circuit Court, or of any District Court acting as a Circuit Court, in all cases of equity and of admiralty and maritime jurisdiction, when the matter in dispute, exclusive of costs, exceeds the sum or value of two thousand dollars, and the Supreme Court is required to receive, hear and determine such appeal."

It will be observed that whether the case is removed to the Supreme Court by writ of error or by appeal, the "matter in dispute," exclusive of costs, must exceed the sum or value of two thousand dollars. I will not attempt a citation of all the cases reported upon this question, but will content myself with a reference to two or three of them.

In *Gordon* v. *Ogden,* 3 Peters, 33, Chief Justice Marshall, speaking for the entire Court, says: "This Court has jurisdiction over final judgments and decrees of the Circuit Court when the matter in dispute exceeds the sum of two thousand dollars. The jurisdiction of the Court has been supposed to depend on the sum or value of the matter in dispute in this Court, not on that which was in dispute in the Circuit Court. If the writ of error be brought by the plaintiff below, then the sum which his declaration shows to be due may still be recovered, should the judgment for a smaller sum be reversed; and consequently the whole sum claimed is still in dispute. But if the writ of error be brought by the defendant in the original action, the judgment of this Court can only affirm that of the Circuit Court and consequently the matter in dispute cannot exceed the amount of that judgment. Nothing but that judgment is in dispute between the parties." To the same effect is the case of *Knapp* v. *Banks,* 2 How. 73, where Mr. Justice Story, delivering the opinion of the Court, says: "The amount in controversy is to be decided by the sum in controversy at the time of the judgment, and not by any subsequent additions thereto, such as interest. The distinction constantly maintained is this: Where the plaintiff sues for an amount exceeding two thousand dollars, and the *ad damnum* exceeds two thousand dollars, if by reason of any erroneous ruling of the Court below, the plaintiff recovers

nothing, or less than two thousand dollars, there, the sum claimed by the plaintiff is the sum in controversy for which a writ of error will lie. But if a verdict is given against the defendant for a less sum than two thousand dollars, and judgment passes against him accordingly, then it is obvious that there is, on the part of the defendant, nothing in controversy beyond the sum for which the judgment is given, and consequently he is not entitled to any writ of error. We cannot look beyond the time of the judgment in order to ascertain whether a writ of error lies or not."

The case of *Merrill* v. *Petty*, 16 Wall. 338, is the last decision of the Supreme Court of the United States on this point, to which I will refer, and in that case Mr. Justice Clifford, delivering the opinion of the Court, says : " Since the appeal was entered in this Court the libellants, as appellees, have filed a motion to dismiss the appeal, because the matter in dispute does not exceed the sum or value of two thousand dollars, exclusive of costs, as required by the twenty-second section of the Judiciary Act.

" Much discussion of that question is certainly unnecessary, as the rule in this Court has been settled for the period of sixty years, that where the writ of error is brought by the defendant in the original action, the matter in dispute is the amount of the judgment rendered in the Circuit Court, as this Court can only affirm the judgment rendered in that Court."

In the Act of Congress the language conferring appellate jurisdiction is, " when the matter in dispute, exclusive of costs, exceeds two thousand dollars," and in the Constitution of this State, of 1863, the words used are " in which the demand, exclusive of interest, or the value of the property in controversy amounts to three hundred dollars," and in the Constitution now in force the same language is employed. By the Constitution of 1849, it was provided that the " Supreme Court shall have appellate jurisdiction in all cases when the *matter in dispute* exceeds two hundred dollars." It will be observed that the language found in the first Constitution of this State was, " matter in dispute," and is the same language that is used in the Act of Congress conferring appellate jurisdiction upon the Supreme Court of the United States,

but in the subsequent Constitution it has been changed so as to read, when the "demand, exclusive of interest, or the value of the property in controversy amounts to three hundred dollars." But these are convertible terms and they mean the same thing. In the case of *Knapp* v. *Banks*, referred to above, Mr. Justice Story speaks of "the amount in controversy," and treats that language as synonymous with the "matter in dispute," and there is no good reason for doubting that the framers of the old as well as of the new Constitution intended no change in the meaning by the slight change made in the phraseology. The "matter in dispute," and "the demand in controversy," are convertible terms, and bear the same signification.

We are to look at the object of the framers of the Constitution in fixing a limitation to the appellate jurisdiction of this Court, which was, under the provisions of the Constitution of 1849, that no case should be appealed to this Court in which the matter to be affected by the judgment of this Court did not exceed the sum of two hundred dollars, and that no case shall be brought here under the present Constitution when the judgment of this Court shall not operate upon a claim, demand or matter in controversy, amounting in value to three hundred dollars. The *ad damnum* clause in the complaint is the test, when the plaintiff is the appellant, because, although his recovery in the Court below may be for a less sum than three hundred dollars, he has a right to urge in this Court that his recovery should have been for more than three hundred dollars, and that it was reduced below that sum by an error committed in the Court below. But when the defendant is appellant, and judgment against him is for the sum of two hundred dollars, he can not assert in this Court that the plaintiff's demand against him amounts to three hundred dollars. If the plaintiff brings his action to recover three horses of the value of one hundred dollars each, obtains a judgment for only one, and the defendant appeals; the controversy is about one horse only, and the other two are eliminated from the controversy. The mere statement of the proposition is sufficient; it needs no argument to support it. If the rule were otherwise, the defendant might bring up for review a judgment against him for *one dollar*, and thus the very end and purpose of the

Constitution in limiting the jurisdiction of this Court to demands amounting to three hundred dollars, or to cases where the property in controversy is of that value, would be utterly defeated.

I therefore think that, upon principle and authority, the appeal in this case should be dismissed. The decisions of the highest judicial tribunal in the country sustain the view I take of the question of jurisdiction, and in consideration of the large number of appeals to this Court, many of which are frivolous and begotten in a spirit of litigiousness, I do not regret that a fair and full consideration of the question of jurisdiction leads me to this conclusion. I therefore think the appeal should be dismissed.