[No. 18444.    Department Two.—November 13, 1895.]

GEORGE T. HENIGAN, RESPONDENT, v. H. ERVIN, APPELLANT.

APPEAL—TEST OF JURISDICTION—JUSTICE'S COURT—SUM DEMANDED—COSTS EXCEEDING THREE HUNDRED DOLLARS—DISMISSAL.—Where the demanded sum is less than three hundred dollars, the jurisdiction of the justice's court and also the appellate jurisdiction of the supreme court must be tested by the sum demanded in the complaint, and the costs of the action in the justice's court and in the superior court, upon appeal therefrom, are merely incidental to the action, and cannot be made the subject of an appeal to the supreme court, although the costs allowed may amount to more than the sum of three hundred dollars, and an appeal therefrom must be dismissed.

ID.—NONAPPEALABLE ORDER—SPECIAL ORDER AFTER JUDGMENT—APPEAL FROM JUSTICE'S COURT.—A special order after judgment refusing to strike out a cost bill in the superior court, in a case appealed from the justice's court, is not appealable to the supreme court, although the cost bill amounts to over three hundred dollars.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order allowing costs in excess of three hundred dollars, in a case appealed to said Superior Court from the Justice's Court of Woodland Township, Yolo County.   W. H. GRANT, Judge.

The facts are stated in the opinion.

*F. E. Baker* and *E. R. Bush*, for Appellant.

A motion to strike out a cost bill may be reviewed in this court upon appeal. (*Empire Co.* v. *Bonanza Co.*, 67 Cal. 411; *Yorba* v. *Dobner*, 90 Cal. 338; *Schallert-Ganahl etc. Co.* v. *Neal*, 94 Cal. 194; *Crane* v. *Forth*, 95 Cal. 88, 92.) Under the proper rules of construction section 1033 of the Code of Civil Procedure is applicable to justices' courts. (*Ex parte Latimer*, 47 Cal. 131.)

*R. Clark*, and *C. W. Thomas*, for Respondent.

The appeal should be dismissed. (*Lasky* v. *Davis*, 33 Cal. 677; *Flubacher* v. *Kelly*, 49 Cal. 116; Code Civ. Proc., secs. 963, 964.)

VANCLIEF, C.—This action was commenced in the court of a justice of the peace to recover the sum of $222.20 for cordwood alleged to have been sold and delivered by plaintiff to defendant. The judgment of the justice of the peace was in favor of the plaintiff for the sum of $169.95 and for costs amounting to $180.70. The defendant appealed from the judgment to the superior court " on question of both law and fact."

A jury trial *de novo* was had in the superior court, which resulted in a verdict in favor of plaintiff for the sum of $22.20. Within the time limited by law, and before judgment was entered on the verdict, the plaintiff filed an itemized cost bill amounting to $358.70, including the costs taxed in the justice's court. On the day of the filing of this cost bill the defendant gave notice that on a stated future day he would move the court " to strike out the costs claimed to have accrued in the justice's court, on the ground that plaintiff is not

entitled to recover his alleged costs in said justice's court, for the reasons that no verified memorandum " of such costs " was served on defendant or filed in said justice's court; and also to strike out the items of costs alleged to have accrued in the superior court, on the grounds that the plaintiff is not entitled to costs therein." And further gave notice that, in case the court determined that plaintiff was entitled to costs, he would move the court to tax the costs, " on the grounds that the costs claimed by plaintiff are erroneous, and that the disbursements claimed had not been made by plaintiff, and that plaintiff's memorandum contained items of disbursements which are not legal charges as costs in this action." But no objection to any item of the cost bill is specified except as above stated. In the mean time, and before the questions as to costs were determined, judgment was entered on and in accordance with the verdict of the jury, reserving the matter of costs until after defendant's motions relating to that matter should be disposed of. Afterward defendant's motions relating to costs were heard and denied by the court, and the full amount of plaintiff's cost bill ($358.70) was allowed and inserted in the judgment, to which defendant excepted.

The defendant appeals from the judgment as at first entered before his motions relating to costs were heard or denied, and also " from an order and judgment of said superior court . . . . allowing and adjudging that plaintiff recover of and from said defendant costs in said action amounting to the sum of $350.70." The appeals are on the judgment-roll containing a bill of exceptions showing, substantially, the facts above stated.

The respondent moves to dismiss the appeals on the ground that this court has no appellate jurisdiction of the subject matter of the cause, and I think the motion should be granted.

The appellate jurisdiction of this court is defined by section 4, article VI, of the constitution of this state; and it has no appellate jurisdiction except such as is

given by that instrument. Where the demand in suit is merely for money, as in this case, the supreme court has no appellate jurisdiction, unless such demand, exclusive of interest, amounts to $300. In this case the demand sued for is simply for money, and amounts to only $222.20. For the purpose of testing either the original jurisdiction of the justice of the peace, or the appellate jurisdiction of the supreme court, the incidental costs of the plaintiff can no more be deemed a part of the demand than can the interest on the sum of money or value of the property sued for. (*Dumphy* v. *Guindon*, 13 Cal. 30; *Maxfield* v. *Johnson*, 30 Cal. 545.) As generally applicable to the question of the appellate jurisdiction of the supreme court, see *Maxfield* v. *Johnson, supra; Gorton* v. *Ferdinando*, 64 Cal. 11; *Williams* v. *Macartney*, 69 Cal. 556. It has often been held by this court that where jurisdiction depends on the amount in controversy, the *ad damnum* clause or the sum demanded in the complaint is the sole test. (*Dashiell* v. *Slingerland*, 60 Cal. 653; *Lord* v. *Goldberg*, 81 Cal. 599; *Bailey* v. *Sloan*, 65 Cal. 387; *Solomon* v. *Reese*, 34 Cal. 28.)

It is claimed by appellant that the order denying his motion to strike out plaintiff's cost bill was a " special order made after final judgment," in the sense of subdivision 2 of section 963 of the Code of Civil Procedure, and therefore is an appealable order. But the next following section (964) provides that " the foregoing section (963) does not apply in cases appealed from justices' . . . . courts, except cases of forcible entry and detainer, and cases involving the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, or in which the demand, exclusive of interest or value of the property in controversy, amounts to three hundred dollars." The cases cited to this point are cases of which the superior courts, or late district courts, had unquestionable *original* jurisdiction, and consequently cases of which the supreme court had appellate jurisdiction; and, therefore, are not applicable to this case.

I think the appeals from the judgment and order should be dismissed.

'HAYNES, C., and SEARLS, C., concurred.

For the reasons stated in the foregoing opinion the appeals from the judgment and order of the superior court are dismissed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.