Price, J.
We are not required in this case to ascertain the intention of the testator in making the will before us, nor to construe its provisions, but to determine whether it was executed according to law. The undisputed testimony shows, and counsel for the parties agree, that it was the intention of Henry Irwin to make the marginal clause found on the sixth or last page, a part of that instrument. As appears from the intended facsimile in our statement of the case, the body of .the alleged will was written on the. horizontal lines of the pages,, but leaving, at least on the sixth or last page, a consid-. *402 erable blank space to the left of the ends of the lines. The signatures of the testator and the witnesses follow beloyr the attestation clause and are under the body of the instrument, and at its end, as if no marginal clause had been inserted. This marginal clause commences on the left edge of the page running lengthwise therewith from near the bottom to near the top thereof. The lower end of the clause is an inch or more below and to the left of the names of the witnesses, and about three inches below and to the left of the signature of the testator. Between the lower end of the clause and the names of the witnesses there is a blank space of about one inch, and between it and the attestation clause the blank space is about one inch and a half in width. Between the subscribing and attestation clauses on the horizontal lines there- is a blank space of four lines.
We think we have sufficiently described the location and relative situation of this clause which constitutes the ground of the contest. Its history otherwise is very brief and may be summed up in a few words. The will as originally prepared by the scrivener occupied and yet occupies six pages of foolscap or legal cap paper, on the last of which are the signatures of the testator and the witnesses. It was read over to the testator and he expressed his satisfaction with its provisions so far as they had been written, but refused to sign until another provision should be inserted. He desired to prevent attack on his will and litigation that might follow at the instance of dissatisfied heirs, legatees or devisees, and to this end requested that there be inserted a provision that, would impose something of a penalty upon any person who would controvert *403 the disposition he was making of the property. The marginal clause referred to was written in the space and in the manner just described, and it reads: “My will is that any child or heir not taken with this my last will and testament shall be disinherited, cut out, and shall have not one doll of my estate. ”
- With this in, the will was read to the testator and he expressed his satisfaction and signed it at the place before stated. The party or parties contesting the will alleged in the petition and contended at the trial, that the will was void because it was not signed at the end thereof.
On this subject our statute — section 5916,.Bevised Statutes — provides: “every last will and testament (except nuncupative wills hereinafter provided for), shall be in writing, and may be hand written or typewritten, and such will shall be signed at the end thereof by the party making the same, or by some other person in his presence and by his express direction, and shall be attested,” etc.
We have seen that the testator intended the clause written on the margin, to be a part of his will, and that he declined to sign, until it or its equivalent was inserted somewhere in the instrument, but he did not direct where it should be inserted. If the language so written has no legal signification and has no effect on the other provisions of the will, it might be treated as mere unimportant surplusage as in Baker v. Baker et al., 51 Ohio St., 217. In that case the testator, after having signed the instrument, disposing of his property and appointing his sister-in-law as the executrix, which was duly witnessed, wrote under the attestation clause the words — “my sister-in-law is not required to give bond when probated”— and signed his name thereto, which was not attested.
*404 It was' held that these words could not affect the construction of the will — were not dispositive in character and that the will was signed at the end thereof.
But if the clause is of a dispositive character, and may, in certain events, change the course of some or all of his property, its location in the instrument is of essential importance in deciding whether the will is signed at its end. Although the language of the marginal clause is crude and is the expression of an illiterate man, yet its meaning is not doubtful when coupled with the directions of the. testator which led to its insertion. According to the undisputed destimony he was determined that his estate should be settled in peace, and according to his will, and that if any “child or heir” should not “take” with his will he should be cut off without one dollar of his estate. Clearly the clause has a dispositive character, and this seems to be admitted by counsel for plaintiff in error. In Bradford v. Bradford et al., 19 Ohio St., 546, it is held that: “A condition in a will whereby the testator excludes any one of his heirs who ‘goes to law to break his will’ — from any part or share of his estate, is valid and binding; and effect will be given to it, as well in respect to bequests of personalty as to devises of real estate.”
■ However, they urge that, while this is true, the beneficiaries under the will have all united to uphold it, and that this appears by their joint answer in this case, wherein they allege that the paper produced as the last will and testament of Henry Irwin, is his valid last will and testament. Therefore, it is argued, the marginal clause can never have any chance for operation, and is no longer of consequence, in the settlement of the estate. ' But it must be borne in *405 mind that the will was executed without any knowledge of what the “child or heir” might subsequently decide to do, and hence the intense desire to provide for the contingency. The will became operative when admitted to probate. The testator died leaving the instrument just as he had made it, containing within its scope this dispositive clause, and no pleading could be filed in a case contesting the will, that would change its dispositive character. It must be judged as it stood when inserted in the will, and as it was probated with the balance of the instrument.
We therefore recur to the question, was the will signed at its end, as required by statute?
The trial court submitted the question to the jury in a very. concise instruction, which covered the whole law of the case. It is this: “If you find from the evidence that the matter written upon the margin of the page upon which the testator’s signature appears, was written before the will was signed by him, and that the testator intended such written matter on the margin to be a part of his will, then I say to you, such will was not signed at the end, as required by statute, and your verdict should be for the plaintiff, and that the paper writing produced is not the last will and testament of Henry Irwin. ’ ’
This brief charge implied that the matter written in the margin is of a dispositive character, which was the decision of a question of law for the consideration of the court. The only questions of fact for the determination of the jury were: (1) Was the matter upon the margin written there before the testator signed the will? (2) Did he intend such written matter to be part of his will? If yes is answered to both inquiries, then the statute is interposed by the court, and the jury was told that the will was not *406 signed at its end. This charge is severely criticised by counsel as a usurpation of the province of the jury, whereby the court, and not the jury decided the contest. We cannot concur in this criticism. It is true that after a will has been admitted to probate, and is contested under the statute in the court of common pleas, the will and the record of its probate, make a prima facie case for the contestees, and the burden is upon the contestants to overthrow the will, and that the ground of contest, as a general rule, is to be determined by the jury. But the court does not lose its jurisdiction to decide all questions of law that' may arise on the trial. The questions of fact were left to the jury, and the court properly charged as to the legal effect of their findings. There could be no mistake as to the findings of fact, for it was clear and beyond dispute, that the marginal matter was written before the testator signed the instrument, and that he not only intended but demanded that it be written somewhere in his will. The will was with the jury, and hence the charge of the court only applied the law to the facts, ' and this was the duty of the court.
In Wagner v. Zeigler, 44 Ohio St., 59, this court held that — “In the trial of a contest of a will, where the testimony introduced does not tend to prove the issues on the part of the plaintiffs, showing incapacity of decedent to make a will at the time the will was made, it is not error for the court, at the conclusion of the plaintiff’s testimony, to direct the jury to find a verdict sustaining the will.”
• That holding simply means that the powers, duties and functions of the court, in the trial of will contests are practically the same as in other jury trials of civil cases.
*407 Taking the instrument, the original last page containing the marginal matter as there found, and the undisputed evidence as to its insertion before the signing by the testator' and the witnesses, and that the testator intended it to be a part of the will, did the trial court correctly apply the law? We think it did.
The statute — section 5916 — prescribes the formalities to be observed in the execution of a will, and we think the intention of the legislature, as thus expressed, is very plain. The history of this and similar legislation evinces a purpose that such dispositions of property, real or personal, should be so executed as to prevent, far as practicable, unauthorized and fraudulent additions and interlineations, before or after the , execution of the will. There should be some continuity in the expression of the testator’s wishes, and if a part of the will is aside from the continuity of the language, such as the marginal matter in this case, there should be some word or character used as a reference to the place it should occupy in relation to the other provisions, so that the end of the will may be ascertained. The authorities sustain this degree of liberality towards the work of incompetent persons who sometimes are called upon to draft wills, but beyond this the rule of strict observance of the statute is seldom if ever relaxed. The law-making body — our legislature— has the power to set the guards against fraudulent dealings with such solemn instruments, and it has done so, and we are not at liberty to disregard them.
The will before us has no reference by word or character to the marginal clause'. There is nothing to show in what connection, if any, it should be read in relation to the other items, or provisions. ■ It *408 might be taken as a stray,- but for the parol testimony adduced at the trial, to the effect that it was written before the testator signed the will and that he intended it to form a-part of it. Evidently it was the last provision written and was so written immediately before the testator and witnesses signed their names. The witnesses so testify and the jury so found. Is the marginal clause the end of the will? If so, the testator did not sign it at the end thereof. There were blank marginal spaces on each of the six pages constituting the whole instrument. On. the •last'or sixth page a space of four, lines was left for -testator’s signature just preceding the attestation clause. There is no reference by word or character in that space to indicate that the marginal matter belongs there ; nor is there any mark or reference in the1 entire instrument to indicate where it belongs. Hence, beginning at the first page and reading the items and provisions in their consecutive order, down to the signature, we see nothing else until we have concluded, and. then see off to the left on the margin the matter quoted, standing alone and unidentified. Yet the- testimony and agreement are that the testator intended this matter to be a part of his will.
As said in Baker’s Appeal, 107 Pa. St., 381-392, “where, however, the continuity of a writing otherwise complete is attempted to be broken by the insertion into it of a clause or paragraph, written upon the same or a different page or sheet, the clause to be inserted must be plainly referred to and be susceptible also of certain identification. The reference must, as we have already shown, be complete in the body of the will. The testator’s intention cannot otherwise appear. * *”
*409 An inspection of the will in contest here, and a. consideration of the uncontroverted facts lead us to the conclusion, that the charge of the trial court, is sound and that the will was not signed at its end.
Bearing upon the construction of our statute and similar statutes of other states, may be cited Glancy v. Glancy et al., 17 Ohio St., 135; Keyl et al. v. Feuchter et al., 56 Ohio St., 424; The Sisters of Charity, etc. v. Mary Kelly et al., 67 N. Y., 409; In Matter of Will of James O’Neil, 91 N. Y., 516; In Matter of Will of James Conway, 124 N. Y., 455; Appeal of John Wineland, 118 Pa. St., 37; In re Andrew’s Will, (N. Y.) 56 N. E. Rep., 529; In re Walker, 110 Cal., 37.
The doctrine of these cases seems to be that as to-the manner of the execution of a will, the courts look to the intention of the legislature and not the intention of the testator. The intention of the latter is sought in the interpretation of wills, but the purpose of the legislation must be looked to as to the formalities prescribed for their execution. The application of these rules may in some cases work hardship and thwart an intended disposition of property; but the safeguards cannot be frittered away because of the unfortunate work of an incompetent who has been given the grave responsibility of writing a will. The protection of wills from fraudulent and unauthorized changes, additions and interlineations,, seems to be the paramount object of the statute, and its enforcement will no doubt work the greater good.
The judgment- of the circuit court is affirmed.

Judgment affirmed.

Spear, C. J., Davis, Shattck, Crew and Summers, JJ., concur.