[Civ. No. 871.    Third Appellate District.—November 4, 1911.]

W. F. ERVING, Respondent, v. NAPA VALLEY BREWING COMPANY, a Corporation, Appellant; E. W. CHURCHILL, Intervenor-Appellant, and JAS. H. GOODMAN & CO. BANK, a Corporation, Intervenor.

APPEAL FROM JUDGMENT—ACTION OF REPLEVIN—VALUE OF PROPERTY —JURISDICTION IN SUPREME COURT.—Upon appeal from a judgment, in an action for replevin, where it appears that the property involved is of the alleged value of $6,000, and judgment is asked for that sum in case a delivery cannot be had, the supreme court has exclusive appellate jurisdiction of such appeal, and when such appeal was improperly taken to this court, the cause must be transferred to the supreme court.

ID.—TEST OF JURISDICTION—AD DAMNUM CLAUSE OF COMPLAINT—LIMITED JURISDICTION OF APPELLATE COURT.—The test of jurisdiction is the *ad damnum* clause of the complaint. The jurisdiction of the appellate court is limited to cases where the value of the property in controversy is not less than $300 and does not amount to $2,000.

APPEAL from a judgment of the Superior Court of Napa County. H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

N. F. Coombs, and John T. York, for Corporation, Appellant.

F. E. Johnston, H. L. Johnston, and L. E. Johnston, for Respondent.

F. L. Coombs, for Intervenors, including Intervenor-Appellant.

HART, J.—This is a direct appeal to this court from the judgment on the judgment-roll alone.

The complaint alleges that the property, for the recovery of which the action was brought, is of the value of $6,000, and demands judgment for that sum in case a delivery thereof cannot be had.

It is the settled rule in this state that "where jurisdiction depends on the amount in controversy, the *ad damnum* clause

of the complaint is the sole test." (*Hanigan* v. *Ervin,* 110 Cal. 37, [42 Pac. 457].)

This court has appellate jurisdiction in such cases at law only where "the demand exclusive of interest, or the value of the property in controversy amounts to three hundred dollars, and does not amount to two thousand dollars." (Const., art. VI, sec. 4.)

The cause was, therefore, erroneously brought to this court by direct appeal, and will have to be transferred to the supreme court.

Such is the order.

Chipman, P. J., and Burnett, J., concurred.