[No. 19363.    Department One.—August 22, 1894.]

THE BANK OF SAN LUIS OBISPO, RESPONDENT, v.
THE PACIFIC COAST STEAMSHIP COMPANY,
APPELLANT.

CORPORATION—LIABILITY OF STOCKHOLDER—STATUTE OF LIMITATIONS.—
The liability of a stockholder of a corporation to pay his proportion of
its corporate debts is one created by statute, and an action to enforce
that liability must be brought within three years after the cause of
action accrues.

ID.—NOTE OF CORPORATION—RUNNING OF STATUTE AGAINST STOCK-
HOLDER.—The liability of a stockholder of a corporation upon a
note given by the corporation is created within the meaning of sec-
tion 359 of the Code of Civil Procedure, at least as early as the date
of the note, and the statute of limitations commences to run in favor
of the stockholder from the date of its execution, and not from its
maturity, regardless of how long the liability of the corporation to
actions may be postponed by agreement of the creditor.

APPEAL from a judgment of the Superior Court of
San Luis Obispo County.

The facts are stated in the opinion.

*Wilcoxon & Bouldin*, and *J. M. Wilcoxon*, for Appel-
lant.

The cause of action is barred by the statute of lim-
itations, as the complaint shows that the indebtedness
accrued more than three years before the filing of the
complaint. (*Green* v. *Beckman*, 59 Cal. 545; *Moore* v.
*Boyd*, 74 Cal. 167; *Hunt* v. *Ward*, 99 Cal. 612; 37 Am.
St. Rep. 87.) The taking of the note of the corporation
could not, and did not, suspend the statute or the right
of action as against the stockholder. (*Hyman* v. *Cole-
man*, 82 Cal. 650; 16 Am. St. Rep. 178; *Redington* v.
*Cornwell*, 90 Cal. 49.)

*Graves & Graves*, for Respondent.

The stockholders of the defendant company having
renewed or extended the indebtedness of the company,
and created a new contract and liability by authorizing

the giving of the promissory note, the statute of limitations does not run until three years after the note matured. (*Redington* v. *Cornwell*, 90 Cal. 63; *Hunt* v. *Ward*, 99 Cal. 612; 37 Am. St. Rep. 87; *Hyman* v. *Coleman*, 82 Cal. 651; 16 Am. St. Rep. 178.)

BELCHER, C.—This action was commenced on the third day of June, 1890, to recover from the defendant, as a stockholder in the San Luis Hotel Company, a corporation, its proportion of an indebtedness alleged to be due from said hotel company to the plaintiff.

It is averred in the complaint that at all the times mentioned therein the capital stock of the San Luis Hotel Company was $75,000, divided into 750 shares of the par value of $100 each, and that the defendant was the owner of 92.14 shares of the said stock; "that on the thirtieth day of December, 1886, said corporation, the San Luis Hotel Company, borrowed from the plaintiff, and the plaintiff loaned and advanced to it, said San Luis Hotel Company, the sum of $29,177.66, and on said day the said San Luis Hotel Company gave its promissory note to the plaintiff for said sum of $29,177.66, which note is in the words and figures following, to wit": (then setting out a copy of the note, dated December 30, 1886, and payable six months after date).

It is further averred that on or about the eleventh day of April, 1890, an action was commenced against the said hotel company to recover the amount due on said note for principal, interest, attorney's fees and costs, and that on or about the thirtieth day of the same month judgment was duly made and given in said action against the defendant therein, and in favor of the plaintiff herein, for the sum of $8,237.93; that afterwards an execution was issued upon the said judgment and returned wholly unsatisfied; and that the proportion of said indebtedness for which the defendant was individually and personally liable was $2,105.07, with

interest thereon from the date of said judgment, and that no part thereof had been paid.

The defendant demurred to the complaint upon the grounds that the cause of action was barred by the provisions of subdivision 1 of section 338, and by the provisions of section 359 of the Code of Civil Procedure. The demurrer was overruled, and the defendant then answered, and among other defenses set up pleaded in bar of the action the same provisions of the code.

The case was tried, and the court found, among other things, that the action was not barred, and that the plaintiff was entitled to judgment for the sum of $1,251.63, with costs. Judgment was accordingly so entered, from which the defendant appeals.

The demurrer should have been sustained. The action was commenced more than three years and five months after the date of the note set out. The cause of action appeared, therefore, on the face of the complaint to be barred by the statute of limitations.

It must now be regarded as settled law in this state that the liability of a stockholder of a corporation to pay his proportion of its corporate debts is one created by statute, and an action to enforce that liability must be brought within three years after the cause of action accrues. (*Moore* v. *Boyd,* 74 Cal. 167; *Hyman* v. *Coleman,* 82 Cal. 650; 16 Am. St. Rep. 178; *Hunt* v. *Ward,* 99 Cal. 612; 37 Am. St. Rep. 87.) In the case last named it was held that the liability of a stockholder of a corporation upon a note given by the corporation is *created,* within the meaning of section 359 of the Code of Civil Procedure, at least as early as the date of the note, and the statute of limitations commences to run in favor of the stockholder from the date of its execution, and not from its maturity, regardless of how long the liability of the corporation to actions may be postponed by agreement of the creditor.

The judgment should be reversed and the cause remanded.

TEMPLE, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed and the cause remanded.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.