[S. F. No. 992. Department Two.—July 21, 1899.]

## SANTA ROSA NATIONAL BANK, Appellant, *v.* J. D. BARNETT et al., Respondents.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — INDEBTEDNESS TO BANK—OVER-DRAFTS—NOTE—STATUTE OF LIMITATIONS.—A corporation is liable upon an implied promise to pay over-drafts to a bank when made; and its stockholders are liable on the indebtedness thus accruing to the bank, upon the daily balances against the corporation shown by the account. A note given in renewal or extension of the indebtedness of the corporation for over-drafts cannot operate to renew or extend the liability of the stockholders, or prevent the statute of limitations from running against it.

ID.— GENERAL DEPOSITS AFTER OVER-DRAFTS—PRESUMPTION OF PAY-
MENT—ACCOUNT NOT MUTUAL.—General deposits made by the
corporation in a bank to which it is indebted for over-drafts, of
sums not greater than the balance of indebtedness, are pre-
sumed to be made as payments thereupon, and do not make the
account mutual, open and current, within the statute of limita-
tions. The fact that the account started with a credit cannot
alter the nature of the indebtedness for over-drafts, nor render
the account of such indebtedness and of payments thereupon a
mutual, open and current account.

ID.—LIMITATIONS OF STOCKHOLDERS' LIABILITY — CONSTITUTIONAL
LAW.—Section 359 of the Code of Civil Procedure, limiting the
liability of the stockholders of corporations, is not inconsistent
with section 3 of article XII of the state constitution, imposing
such liability, and was continued in force by section 1 of article
XII of the constitution, continuing in force all laws not incon-
sistent therewith.

ID.—CONSTRUCTION OF CODE.—There is no conflict between section
359 of the Code of Civil Procedure and section 309 thereof, re-
lating to the liability of directors of corporations, or section 348
thereof, relative to actions against persons and corporations with
whom money has been deposited.

ID.—AMENDMENT OF COMPLAINT — DISCRETION — RULING WITHOUT
INJURY.—The refusal of the court to allow the complaint to be
amended to conform to claimed proof that the indebtedness
evidenced by the note upon which the stockholders were sued
was for a balance due upon a mutual, open and current account
between the corporation and the plaintiff was within the discre-
tion of the court, and the ruling will not be disturbed if no
abuse of discretion appears. The ruling is without injury where
the evidence shows that the cause was tried as fully as if the
proposed matter of amendment had been pleaded.

APPEAL from a judgment of the Superior Court of Sonoma
County and from an order denying a new trial. S. K. Dough-
erty, Judge.

The facts are stated in the opinion.

R. M. Swain, and Barham & Miller, for Appellant.

Thomas Rutledge, A. B. Ware, and W. F. Russell, for Re-
spondents.

CHIPMAN, C.—Action to enforce the personal liability of
defendants as stockholders in Central Street Railway Company,
a corporation. Defendants pleaded the statute of limitations,
and upon that plea had judgment except as to the sum of

$392.49, for which plaintiff had judgment against defendants for the proportionate share of each. Plaintiff appeals from the judgment and from an order denying motion for new trial.

The court found that defendants were stockholders of the railway company; that from and after May 28, 1891, and until December 4, 1892, plaintiff loaned and advanced the company, from time to time, large sums of money, which were used in the construction of its railroad, the purchase of material for equipment, et cetera; during this time the company made deposits of money and a balance of account was struck nearly every month, showing the amount due from the company, which balance on December 4, 1892, was $9,607.51; on December 6, 1892, the company, by resolution, authorized its secretary and president to make and deliver its promissory note to plaintiff for the amount due plaintiff, and this note was executed December 7, 1892, for the sum of $10,000 and delivered to plaintiff. The plaintiff thereupon, on December 7th, gave the company credit on plaintiff's books for $325.89, that sum being the difference between the overdraft and the face of the note at the time of the credit; no other or different consideration was given for said note; that $9,607.51 of said indebtedness was created and existed prior to December 4, 1892, and was created at different times between May 14, 1891, and December 4, 1892, and said sum was included in and made part of the sum agreed to be paid by said note of $10,000. It is also found that this note was renewed June 7, 1894, for $9,000, a payment of $1,000 having been previously made by the company, and that the renewal note, which is the note set up in the complaint, included the same sums of money as did the original note of December 7th. As conclusions of law the court found that the sum of $9,607.51, included in said note, is barred by the statute (Code Civ. Proc., secs. 338, 359); that the sum of $392.49 was a debt created by the company at the time of making the note of December 7, 1892, and that defendants are separately liable for their proportionate share of that sum and no more. The complaint was filed December 5, 1895, one day more than three years after the balance of $9,607.51 was found to be due plaintiff.

1. Appellant claims that the note of December 7th was in accordance with section 456 of the Civil Code, "and became an

executory contract and created a debt for which the stockholders became liable" (citing Const., art. XII, secs. 2, 3; *Hunt v. Ward,* 99 Cal. 615; 37 Am. St. Rep. 87); that a new debt was created by the note which became "dues of a corporation" (see constitution cited), and the statute did not begin to run until December 7th. The evidence is, that the account was opened with plaintiff by William Prindle, treasurer of the Central Street Railway Company. The pass-book used by Prindle was marked on the inside at top of first page, "Central Street Railway Company in account with the Santa Rosa National Bank, 1891," and the first entry in it is dated May 14, 1891. On the outside of the book was marked, "Treasurer of Central Street Railway Company in account with the Santa Rosa National Bank." It was shown that these indorsements were partly written by the president and partly by the cashier of the bank. It appears that the assessments against stockholders, earnings of the company, and its funds generally, went to the credit of this account, and the checks or drafts against it were generally drawn by Prindle, the treasurer, but the bank paid as checks the warrants drawn by the president and secretary of the company on the treasurer.

It is clear from the evidence that the overdraft indebtedness was treated both by the bank and the company as the indebtedness of the latter. The fact that the account was kept in the name of the treasurer did not make it his individual account in any sense, nor was it so in fact. The account shows no transactions except receipts and disbursements of money by the bank. It was an ordinary running account, such as is common with depositors in a bank. There was an implied promise on the part of the company to pay overdrafts whenever and at the time they occurred   (*Pauly v. Pauly,* 107 Cal. 8; 48 Am. St. Rep. 98); and on the account, as balances accrued against the company, there was a primary liability on the part of the stockholders. Suit could have been brought upon this account upon the daily balances as shown by the account. A liability was incurred as shown by these balances, and, unless suit was brought within three years after the liability was incurred, the action was barred by section 359 of the Code of Civil Procedure. (*Hyman v. Coleman,* 82 Cal. 650; 16 Am. St. Rep. 178; *Hunt v.*

*Ward, supra.*) The note of December 7th was but a renewal or extension of the indebtedness theretofore incurred on the part of the corporation, but it was not a renewal or extension of the stockholders' liability. (*Hyman v. Coleman, supra.*) We do not think the claim made by appellant can be sustained that the account was a mutual, open, and current account within the meaning of section 344 of the Code of Civil Procedure, and that the note, when passed to the credit of the company, must be treated as the last item in the account, drawing with it all preceding items, thus starting the statute December 7th, the date of the note, for the balance appearing December 4th. General deposits, such as these were, made in a bank where the depositor is drawing against the account from time to time by checks and drafts, are to be deemed as payments of any overdraft of the depositor. Payment, whether it be of money or of personal property at a stipulated value, made on an account as a payment, and not as a setoff *pro tanto*, does not make an account mutual. (*Norton v. Larco*, 30 Cal. 126; *Adams v. Patterson*, 35 Cal. 122; *Rocca v. Klein*, 74 Cal. 526.) Where articles of merchandise have been delivered, and there is no evidence as to whether there was in fact a sale or a payment in kind, "the legal pre-sumption is that it was a sale and not a payment in kind. It is otherwise in the case of a delivery of money. There the pre-sumption is that it was a payment and not a loan." (Sanderson, J., in *Norton v. Larco, supra.*) The evidence shows that the rail-way company authorized its officers to arrange to borrow money from plaintiff; an account was opened with the bank by a small deposit in April, 1891, for the company; other deposits of con-siderable amount were made, but about November, 1891, the account showed an overdraft which continued to grow until the note of December 7th was given; balances were struck nearly every month showing the indebtedness of the company; deposits from time to time of small amounts were made throughout the entire period, and were credited to the company as payments, and so show on the pass-book kept by the company and in which these monthly balances were entered. The nature of the ac-count we do not think was changed by the fact that it opened with a credit to the company. We can discover no elements of a mutual, open, and current account in the transaction.

2. It is contended that section 359 of the Code of Civil Procedure is in conflict with section 3, article XII, of the constitution of this state. It is claimed that the code section was enacted prior to the adoption of the constitution and that the latter must prevail. The constitutional provision referred to declares that "each stockholder of a corporation . . . . shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder," et cetera. No limitation of time is prescribed by the constitution within which actions must be brought. Section 1 of article XII of the constitution continued in force all laws not inconsistent therewith. Section 359 does not attempt to relieve the stockholder from his liability under the constitution; it only limits the time within which the action may be brought, and this is not inconsistent with the constitutional declaration that such liability is imposed upon the stockholder.

3. It is claimed that section 359 of the Code of Civil Procedure is in conflict with sections 309 of the Civil Code and 348 of the Code of Civil Procedure. Section 309 relates to the liability of directors of corporations, and section 348 has reference only to actions against persons or corporations with whom money has been deposited. Neither of these sections refers to the liability of stockholders. This liability is declared by the constitution and by section 322 of the Civil Code. There is no conflict between these sections.

4. It is objected that the evidence does not support findings 8, 9, and 10, for the reason that the evidence shows more money to have been deposited by the company than the findings seem to imply. This may be true, for the evidence shows deposits nearly every month. Still, the evidence is that the overdraft increased steadily from about October, 1891, and even if the court failed to find as to all the deposits, it would not change the nature of the account.

5. After the evidence was closed and the cause submitted to the court and was by the court taken under advisement, and before the court had made findings, plaintiff served notice of motion "to amend the complaint to conform to the proofs made upon the trial of the said cause." The proposed amendment was to the effect that the original indebtedness for which the

promissory note of December 7th was made was for a balance due upon an open, current, and mutual account.

The evidence shows that the cause was tried upon this issue as fully as if it had been pleaded as proposed by the amendment. Even if an abuse of discretion, which we do not think it was, the ruling of the court was without injury.

I advise that the judgment and order be affirmed.

Cooper, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.