## WATERFIELD v. RICE et al.

### (Circuit Court of Appeals, Sixth Circuit. November 11, 1901.)

#### No. 958.

1. **JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.**

   Where the amount claimed in a bill to enforce a lien exceeds $2,000, the jurisdiction of a federal court is not defeated by the fact that it appears on the face of the bill that an action to recover a portion of the claim is barred by limitation, under a state statute.[1]

2. **PARTIES—SUIT TO ENFORCE LIEN—TENANTS IN COMMON.**

   A testator devised lands to two persons in undivided moieties for life, with remainder to their children, subject to the payment by each of an annuity to the testator's widow during her life, which annuity was made a charge upon the land. *Held* that, in a suit by the widow against one of such devisees to enforce a lien for unpaid installments of the annuity due from him against an undivided half of the land, neither the other devisee nor her children were necessary parties.

3. **WILLS—CONSTRUCTION—DEVISE OF LANDS CHARGED WITH ANNUITY.**

   A testator devised lands for life, subject to the payment by the life tenant of an annuity to the widow of the testator "during each and every year of her natural life," which annuity should "be and remain a charge and lien upon said lands, houses, and real estate in this item mentioned." By a subsequent clause in said item he devised the remainder in fee to the children of the life tenant or their descendants living at the death of the life tenant. *Held,* that it was the intention of the testator to secure the payment of the annuity during the life of his widow, and that it was a charge upon the estate of the remainder-men as well as upon the life estate.

4. **SAME—ELECTION BY WIDOW—PRESUMPTION.**

   Rev. St. Ohio, § 5964, requiring an election by a widow to take under the will of her husband, applies only to domestic wills, so far as it relates to the time and manner of making an election; and in a suit by a widow to enforce a lien for an annuity, given by the will of her husband, alleged to have been probated in another state, and a copy to have been filed and recorded in Ohio, it must be presumed that such will was a foreign will, proved in the domicile of the testator, and that complainant elected to take thereunder.

5. **SAME—ANNUITY CHARGED UPON LANDS—LIMITATION OF SUIT TO ENFORCE LIEN.**

   Rev. St. Ohio, § 4981, does not bar a suit to enforce a lien upon lands for installments of an annuity which have been in arrears for more than six years, where the will by which the lands were devised expressly provides that the annuity "shall be and remain a charge and lien" thereon.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

This is a bill to sell land devised under the will of William Waterfield, for the purpose of enforcing the payment of unpaid installments of an annuity for the life of complainant, the devise being made subject to a lien to secure this annuity. Eleven installments, aggregating $2,750, are averred to be due and unpaid. William Waterfield died August 1, 1888, leaving a last will and testament, which was proven and admitted to probate in the state of Kentucky. It is also averred that a "duly-certified copy thereof, according to the act of congress, was admitted and ordered recorded in the office of the probate judge of Clermont county, Ohio." The third clause of said will was

---

[1] Jurisdiction of circuit courts, as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Shoe Co. v. Roper, 36 C. C. A. 459.

in the words and figures following: "I give, bequeath, and devise unto George W. Rice and Lizzie Keen (wife of George A. Keen), of Clermont county, state of Ohio, jointly, share and share alike and in equal proportions, for and during their and each of their natural lives,—that is, an equal undivided moiety thereof to said George W. Rice during his natural life, and an equal undivided moiety thereof to said Lizzie Keen during her natural life,—all my lands, houses, and real estate, held and owned by me in my own name and as my individual property and estate, and not in conjunction with or jointly with any other person or persons, lying, situate, and being in the county of Clermont and state of Ohio, and also all farming implements and utensils of every nature and kind owned by me, in whole or in part, on any of said lands in said county; subject, however, to a charge and annuity of five hundred dollars ($500) to be paid by said George W. Rice and Lizzie Keen in equal amounts—that is, $250 by each of them—to my beloved wife, Minerva I. Waterfield, during each and every year of her natural life, which annuity shall be and remain a charge and lien upon said lands, house, and real estate in this item mentioned. Should, however, my wife at any time not to desire to collect or demand said annuity in whole or in part from said George W. Rice and Lizzie Keen, or either of them, who shall be at liberty, and she is hereby empowered, to receipt for and acquit said parties or either of them from the payment to any part or all of said annuity in any manner or amount or for any length of time in her own and sole discretion and at her own pleasure. Should either of said persons, George W. Rice and Lizzie Keen, desire to sell and convey to the other the undivided interest in and to said lands, houses, and real estate in this item set forth, so as to vest the title to the whole thereof in one of them, he or she shall be at liberty, and is hereby authorized and empowered, to make such sale and conveyances, but upon these terms and conditions only, viz.: That the entire proceeds and purchase money arising from said sale and conveyance shall be immediately, by the one so selling, invested in good and suitable real estate, at fair purposes and parties, and subject to all the conditions in this item mentioned and enumerated as to the said lands, houses, and real estate in said Clermont county, in this item devised; provided, further, that my executrix and executor hereinafter named, or the survivor of them, consent to such sale and reinvestment of proceeds as contemplated by the parties. At the death of the said George W. Rice, his said undivided one-half interest aforesaid, or any other lands or real estate that may be purchased with the proceeds of sale thereof, as above provided for, shall go and belong, and I hereby devise and give the same, to his children, in equal proportions, share and share alike, living at the time of his death; but should any child of said George W. Rice die before his or her father, leaving a child or children surviving him or her, who shall survive said George W. Rice, said child or children of such deceased son or daughter of said George W. Rice shall take, hold, receive, and own the share which said son or daughter of said George W. Rice would take, hold, and receive hereunder if living at the death of said George W. Rice, and said child, children, or grandchildren who shall take hereunder at the death of said George W. Rice shall take the fee."

The defendants are the said George W. Rice, his wife, his children, and the husbands and wives of children. Separate demurrers were filed by George W. Rice and his children, covering substantially the same grounds: (1) That the court is without jurisdiction; (2) that the bill is without equity; (3) that there is a defect of parties; (4) that the installments due and payable more than six years before the filing of the bill are barred by the Ohio statute of limitations. The circuit court held that the bill was without equity, and upon this ground dismissed the bill, not passing upon the other grounds of demurrer. The complainant has appealed, and assigned this as error.

A. E. Painter, for appellant.
Wm. W. Prather, for appellees.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

1. Diversity of citizenship exists and furnishes the ground for federal jurisdiction. The bill shows that eleven installments of the annuity claimed are due and unpaid, so that the amount in controversy is more than $2,000, excluding interest and costs. That some of these installments may be barred by the Ohio statute of limitations, and that this fact may appear upon the face of the bill, does not affect the fact that the amount sued for exceeds the sum necessary to give the circuit court jurisdiction. The determination of the question as to the application of the statute thus made involves the exercise of jurisdiction in respect of the merits of the case. The demurrer to the jurisdiction of the court is not well taken.

2. The defendants demur because Lizzie Keen and her children are not made parties defendant. Whether Lizzie Keen is now living, or has any children or representatives of children, does not appear. If, in the absence of any averment on the subject, we should assume that there are persons in being who would take in the contingency that George W. Rice shall die leaving at his death no child or representative of children, we are of opinion that, for the purpose of the relief sought, neither Lizzie Keen nor her children are necessary parties. The liability of George W. Rice is individual, and not joint. He is charged with the payment of $250 annually to the widow of the testator during her life. Mrs. Keen is charged with the payment of a like sum. Neither is liable for the default of the other. The annuity payable by George W. Rice is charged upon the undivided one-half of the Clermont county lands devised to him and his children. The bill only seeks to enforce the lien subject to which that particular undivided one-half was devised. For this purpose neither Mrs. Keen nor her children are necessary parties. Whether the children of George W. Rice who are parties do not, as a class, sufficiently represent the persons substituted for them in the contingency that they shall all die leaving no issue before the falling in of the life estate, we need not decide.

3. The complainant seeks to have the interest devised to George W. Rice for life, and the remainder devised to his surviving children or their representatives, sold for the purpose of enforcing the lien declared by the will to secure the annuity payable by the said George W. Rice. This brings us to the only question seriously contested, and that is whether the payment of the annuity is charged as a lien only upon the life estate devised to George W. Rice or upon the remainder estate as well. The learned trial judge reached the conclusion that the annuity was a charge only on the life estate of George W. Rice, and not upon the remainder devised to his children. To this interpretation we find ourselves unable to agree. The annuity is payable, not during the life of George W. Rice or the continuance of his life estate, but is a sum to be paid "to my beloved wife, Minerva I. Waterfield, during each and every year of her natural life." How is this annuity to be secured? From what source is it to come? The testator answers this by making the devise of his Clermont county farm "subject, however, to a

charge and annuity of five hundred dollars to be paid by said George W. Rice and Lizzie Keen in equal amounts; that is, $250 by each of them." The annuity, therefore, is to continue during the natural life of the widow, and is to "be and remain a charge and lien upon said lands, houses, and real estate in this item mentioned." The "lands, houses, and real estate in this item mentioned" are in the foregoing part of the item described "as all my lands, houses, and real estate held and owned by me in my own name, and as my undivided property and estate, lying, situate, and being in the county of Clermont and state of Ohio." Now, did the testator mean that this lien and charge should rest upon the fee in the property described, or upon the mere estate which had just been carved out of the fee for the life of George W. Rice? There are a number of reasons which seem to lead to the conclusion that the testator intended that this annuity should be a charge upon the fee of his Clermont county lands. Primarily, we may assume that the testator's intentions would be most nearly carried out by construing this charge as one resting upon the fee. The annuitant was his widow. The provisions made for the widow are presumptively in lieu of dower. The annuity is for the life of the widow, not the life tenant. It was possible that the widow might outlive the life tenant. In such case could the testator intend that her provision should cease or that it should depend upon the solvency of the estate of the life tenant, assuming that the liability of the devisee would continue after expiration of the life estate and of the annuitant's lien? It is difficult to believe that the testator intended that the charge or lien of this annuity should be of less duration than the life of the annuitant; for we may well assume that the comfort and maintenance of his widow was an object of prime importance. That he has employed the words "lands and real estate" as descriptive of the estate upon which the lien is to rest is in accord with what may be regarded as the intention of the testator concerning the secure payment of this annuity. A devise of "my land," "plantation," "real property," or "real estate" will, under the well-settled rule in Ohio, convey the fee in the absence of words plainly showing an intent to devise a less estate. Winton v. Cornish, 5 Ohio, 478; Smith v. Berry, 8 Ohio, 365, 369; Thompson's Lessee v. Hoop, 6 Ohio St. 480; Niles v. Gray, 12 Ohio St. 320, 329; Townsend's Ex'rs v. Townsend, 25 Ohio St. 477; section 5970, Rev. St. Ohio. A like rule of construction exists in Kentucky. Mitchell v. Walker, 17 B. Mon. 61, 62. Unless, therefore, it plainly appears from the will that the testator intended to charge a less estate than the fee with a lien for the payment of this annuity, the usual and technical meaning of the words, "lands, houses, and real estate," should be regarded as the sense in which the testator used them. The remainder estate is devised to the children of the life tenant living at the death of the latter, or to representatives or deceased children, who, the testator says, "shall take the fee." These words do not operate to discharge the lien of this annuity should the widow survive the falling in of the life estate. The "fee" which they are to take will be no less a fee because subject to the charge in favor of this

annuitant. The word "fee" is used to indicate the remainder of the estate, which, on termination of the particular estate, will constitute the fee. But appellees say the remainder estate should not be charged with this annuity, lest thereby we defeat the intended bounty of the testator to the remainder-men. This result they say may come about by the accumulation of a burden upon the land greater than the value of the life estate through the failure of the life tenants to meet their obligations, or by the indulgence of the annuitant in demanding payment. Manifestly, such contingencies as these cannot affect the interpretation of this will as written, nor does their suggestion affect the conclusion we reach as to the purpose of the testator. That he should prefer his own widow over remote and uncertain remainder-men is an obvious presumption, and that he should secure the provision made for her, even at the risk of burdening the bounty intended for distant remainder-men, is quite in accord with natural impulse.

4. But it is said that the appellant does not aver that she had elected to take under the will in pursuance of section 5964, Rev. St. Ohio, and that she cannot, therefore, claim under the will. That statute applies only to domestic wills, and is inapplicable to the case of foreign widows, in so far as the act relates to the time and manner of making an election. Jennings v. Jennings, 21 Ohio St. 56, 77. But this will does not appear to be a domestic will. The bill. avers that the will of the testator "was filed, proven, established, and admitted to probate as and for the last will and testament of William Waterfield," and was so ordered and placed of record on the 8th day of August, 1888, in Kenton county, Ky., "and that a duly-certified copy thereof, according to the act of congress, was admitted and ordered recorded in the office of the probate judge of Clermont county, Ohio." From this averment we are authorized to infer that this will was recorded as a foreign will, which had been properly proven in the state of the domicile of the testator. The complainant is not seeking to claim dower or any right hostile to the will, but is claiming under the will. We must presume upon the bill that she has in fact elected to take under the will, and has estopped herself to claim dower. Millikin v. Welliver, 37 Ohio St. 460.

5. The defendants demurred to the bill so far as it was sought to obtain relief either against them individually or against the land devised to them for or on account of installments of annuity accruing more than six years before the filing of the bill. In support of this demurrer, section 4981 of the Revised Statutes of Ohio is relied upon, as construed and applied by the supreme court of Ohio in Yearly v. Long, 40 Ohio St. 27. In Yearly v. Long it appeared that a father devised land to his son, and required the son to pay to a daughter a legacy of $1,500, in installments of $100 each year. The daughter sought to enforce her legacy as a lien upon the land, and to her suit the statute of six years was pleaded. The court held that the legacy constituted only an equitable charge upon the land devised to the son, and that an action by the daughter to recover the unpaid installments was barred after the lapse of six

years from the time her right of action accrued on said installments, respectively. So far as it is sought to obtain any personal decree against the life tenant, George W. Rice, for installments due more than six years, the statute, as there construed, may be applicable. So far as the opinion in that case is supposed to conclude the right of complainant to enforce the charge and lien declared to secure the payment of unpaid installments, it is not in point. In Yearly v. Long the legacy was not made an express charge and lien upon the land devised. In the case at bar the will provides that this annuity "shall be and remain a charge and lien upon said lands, houses, and real estate in this item mentioned." Thus the land devised to the defendants is charged with an express lien, which, under the law of Ohio, is not barred by the statute of six years, although the debt itself may be. Gary v. May, 16 Ohio, 66; Fisher's Ex'r v. Mossman, 11 Ohio St. 42; Kerr v. Lydecker, 51 Ohio St. 240, 37 N. E. 267, 23 L. R. A. 842.

The demurrer was too broad, and was properly overruled, inasmuch as the remedy in equity to enforce the express lien which exists to secure these installments is not barred by the statute of six years, or by any other provision of the Ohio statute applicable to the facts in this case.

The decree must be reversed. The cause will be remanded, with direction to overrule the several demurrers, and that such other proceedings may be had not inconsistent with this opinion.