[L. A. No. 3166.   In Bank.—February 13, 1914.]

## FRANK H. GARDINER, Appellant, v. J. O. ROYER, Respondent.

CORPORATIONS—LIABILITY OF STOCKHOLDER OF BANK—STATUTE OF LIMI-TATIONS.—Under section 359 of the Code of Civil Procedure, which requires that an action to enforce a stockholder's liability must be brought within three years after the creation of the liability, an action by a depositor in a bank against a stockholder is barred if brought three years after the time the deposit was made.

ID.—ACCRUAL OF LIABILITY—DATE OF INCURRING OBLIGATION—DEPOSIT IN BANK.—The statute of limitations commences to run at the date of the incurring of the liability of the corporation, that is at the date of the deposit, irrespective of the time when the debt of the corporation becomes due, and at the expiration of three years from such date the statute operates as a bar to any recovery on account thereof based on the claim of stockholders' liability.

ID.—STOCKHOLDER'S LIABILITY—LIMITATION OF ACTIONS—CONSTITUTION-ALITY OF STATUTE.—Section 359 of the Code of Civil Procedure, which in effect provides that the liability of stockholders is barred at the expiration of three years from the time the debt of the cor-poration is contracted, irrespective of the time when the debt be-comes due, is not in conflict with section 3 of article XII of the constitution, making each stockholder of a corporation individually responsible for liabilities incurred during the time he is a stock-holder.

ID.—DOCTRINE OF STARE DECISIS—STATUTE OF LIMITATIONS.—After this court has thus construed section 359 of the Code of Civil Procedure for twenty years, it will, under the doctrine of *stare decisis*, decline to consider the question anew.

ID.—STATUTE OF LIMITATIONS—REPUGNANCY TO CONSTITUTION.—There is no repugnancy between section 359 of the Code of Civil Proce-dure, which limits the time for enforcing the liability of stock-holders, and section 3 of article XII of the constitution, which makes a stockholder of a corporation personally liable for obligations in-curred while he is a stockholder.

ID.—ACTION TO ENFORCE STOCKHOLDER'S LIABILITY—JURISDICTION OF COURT—LIMITATION OF ACTIONS—DEMURRER.—In an action by a bank depositor, brought in the superior court to enforce the liability of a stockholder of the bank, an order sustaining a demurrer to the whole complaint, without leave to amend, based solely on the ground that the deposits alleged to have been made more than three years prior to the action were barred by the statute of limitations,

and the liability of the defendant on the deposits not so barred was less than three hundred dollars, is erroneous.

ID.—JURISDICTION OF SUPERIOR COURT—AMOUNT IN CONTROVERSY—HOW DETERMINED.—Whether the superior court has jurisdiction in an action at law, on the ground that the amount in controversy amounts to three hundred dollars, is to be determined by the demand or prayer of the complaint, made in good faith and reasonably supported by the allegations on which it is founded, and if this demand amounts to three hundred dollars, exclusive of interest, such court has jurisdiction of the case for all purposes, entirely regardless of the amount which the plaintiff may finally be held to be entitled to recover. Jurisdiction of the cause attaches at the time of the commencement of the action, and cannot be divested by the establishment, to the satisfaction of the court, of a defense to the whole or any portion of the claim, whether by demurrer, or by evidence on the trial. Jurisdiction of the cause having attached, the court must give judgment in favor of the plaintiff for such amount as it finds him entitled to recover, even though that amount is less than the amount specified in the constitutional provision as necessary to give the superior court jurisdiction.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Walter K. Tuller, Frohman & Jacobs, and Titus & Creed, for Appellant.

Gurney E. Newlin, and Roy V. Reppy, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff upon the judgment-roll from a judgment given in favor of defendant, upon sustaining a demurrer to plaintiff's complaint, without leave to amend. The action was one brought by plaintiff on his own behalf and as assignee of a number of claims held by various other persons, to recover against defendant on his liability as a stockholder of the California Safe Deposit and Trust Company, a corporation engaged in a banking business in the city of San Francisco prior to October 30, 1907, on which date it suspended business. The amount sought to be recovered was fifty thousand dollars. In the complaint was set out a schedule showing the various dates upon which the plaintiff and his assignors had made deposits with the Safe Deposit

and Trust Company, and it was alleged that these deposits were to be repaid on actual demand, with interest; and further that no demand had been made for the repayment of the same until the company ceased to do business. Nearly all of these deposits were made more than three years prior to the commencement of this action, the aggregate amount of such deposits made within such three years being so small that the proportionate stockholder's liability of defendant thereon would be less than three hundred dollars.

The principal ground of demurrer was that all the claims against defendant as a stockholder on account of deposits made more than three years prior to the commencement of the action were barred by the provisions of section 359 of the Code of Civil Procedure, which require that such an action must be brought within three years after the liability of the stockholder was created. It is not disputed that this is necessarily so, if we are to follow the law as it has been settled by our decisions ever since the year 1893. (*Hunt* v. *Ward,* 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335], was decided October 6, 1893; *Bank of San Luis Obispo* v. *Pacific Coast S. S. Co.,* 103 Cal. 594, [37 Pac. 499], on August 22, 1894; *Wells* v. *Black,* 117 Cal. 157, [59 Am. St. Rep. 162, 37 L. R. A. 619, 48 Pac. 1090], on May 26, 1897; *Santa Rosa Nat. Bank* v. *Barnett,* 125 Cal. 410, [58 Pac. 85], on July 21, 1899, and *Jones* v. *Goldtree Bros. Co.,* 142 Cal. 383, [77 Pac. 939], on March 3, 1904.) The doctrine of these cases is substantially that the liability of the stockholder is created, to use the language of *Hunt* v. *Ward,* 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335], "by the consummation of the contract, act, or omission by which the liability is incurred," which is, in the case of a note given by a corporation, to use the language of *Bank of San Luis Obispo* v. *Pacific etc. S. S. Co.,* 103 Cal. 594, [37 Pac. 499], "at least as early as the date of the note, . . . regardless of how long the liability of the corporation to actions may be postponed by agreement of the parties," and which is, in the case of deposits in a bank, to use the language of *Wells* v. *Black,* "the acceptance of each deposit." This being so, it follows under the express and unambiguous language of section 359 of the Code of Civil Procedure that the statute of limitations commences to run at the date of the incurring of the liability of the corporation,

irrespective of the time when the debt of the corporation becomes due, in this case, at the date of the deposit, and that at the expiration of three years from such date the statute operates as a bar to any recovery on account thereof based on the claim of stockholders' liability.     The decisions we have referred to are absolute and explicit in this matter, and there is no decision in any degree·impairing their effect.

Learned counsel for plaintiff practically concede this. They however contend that the decisions referred to should be overruled.

It is urged that if section 359 of the Code of Civil Procedure in effect provides that the liability of stockholders is barred at the expiration of three years from the time the debt of the corporation is contracted, irrespective of the time when the debt becomes due, as was squarely held in the cases referred to, the section is in conflict with section 3 of article XII of the constitution, providing that "each stockholder of a corporation . . . shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder," etc. The point in this connection is that under the statute as so construed, there can be no enforcement of any stockholder's liability as to debts of the corporation that do not mature within three years from the time they are contracted or incurred, notwithstanding that the constitution creates the liability as to *all* debts. This claim was substantially made in *Hunt* v. *Ward,* 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335], and the court found it to be without force. The court there said that the so-called "anomalous condition of affairs" resulting from the decision, viz.: that in the event of a note given by a corporation which by its terms was not due until more than three years after its date, the statute would have run in favor of the stockholders before the accruing of any right of action against them, would not be the necessary outcome of the law, but the result of the voluntary act of the creditor, constituting practically a waiver of his right against the stockholders. The court further expressly declared that the invocation by the creditor of the constitutional provision did not strengthen his position. The same claim was expressly made by counsel in *Wells* v. *Black,* 117 Cal. 157, [59 Am. St. Rep. 162, 37 L. R. A. 619, 48 Pac. 1090], and the decision therein neces-

sarily implies a conclusion of the court against its validity. It was again made in *Santa Rosa Nat. Bank* v. *Barnett,* 125 Cal. 410, [58 Pac. 85], and the court declared it to be without force, saying: "Section 359 does not attempt to relieve the stockholder from his liability under the constitution; it only limits the time within which the action may be brought, and this is not inconsistent with the constitutional declaration that such liability is imposed upon the stockholder."

Learned counsel for plaintiff presents a forceful argument in behalf of their claim that these decisions were erroneous, and insist that this court shall now re-examine the question, and, if convinced of the correctness of their claim, shall overrule such decisions. We are satisfied that the question should be held to be finally settled by this line of decisions, upon the doctrine of *stare decisis.* For more than twenty years the doctrine of *Hunt* v. *Ward,* 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335], has stood as the settled law of the state upon a matter vitally affecting all who have acquired stock in corporations. It has been the settled rule of liability on their part in so far as creditors of the corporation were concerned, and it cannot be doubted that reliance upon it has been a potent factor in the investment of many millions of dollars in the capital stock of corporation. It is a settled construction of our constitutional and statutory provisions on the subject, resulting in the conclusion that the statute is not in violation of the constitutional provision, that has been accepted as satisfactory by the people of the state for a period of twenty years, no amendment of either having been made during that time. It goes without saying that upon such a question as this, it is in the highest degree essential that there should be a well understood and thoroughly established rule, and it seems clear to us that the conclusion deliberately reached by this court on this question more than twenty years ago and uniformly adhered to ever since, should not be disturbed. The claim now made looking to a different conclusion is substantially, as we have said, the claim made in the prior cases, and it was there held to be without merit. We do not desire to be understood as intimating that we believe the prior decisions to have been erroneous. We simply decline to consider anew the question presented, accepting the prior decisions as finally determining it.

The claim that section 359 of the Code of Civil Procedure, which was a part of the original code adopted in 1872, was repealed by the enactment of the constitution of 1879, because repugnant thereto, is really disposed of by what has been said. It is settled that there is no repugnancy. Moreover, this claim was expressly made in *Santa Rosa Nat. Bank.* v. *Barnett,* 125 Cal. 410, [58 Pac. 85], and there held to be without force.

In view of what we have said, the conclusion of the lower court upon this question was correct.

Another question is presented by this appeal, the correct determination of which, in our opinion, requires a reversal. The complaint showed certain of the deposits to have been made within three years prior to the commencement of this action. So far as the cause of action based on the deposit by Bella A. Locke of $1886.75 on October 25, 1907, at least, is concerned, the complaint stated a cause of action in such a way as not to be subject to any of the grounds of objection urged by the demurrer. In fact, learned counsel for defendant admits that in so far as the demurrer was a special demurrer, it did not purport to be applicable to this portion of the complaint. In the order sustaining the demurrer entered in the minutes it was declared that the demurrer was sustained without leave to amend solely on the ground that the deposits alleged in the complaint as having been made more than three years prior to the commencement of the action are barred by section 359 of the Code of Civil Procedure, and that the liability of the defendant on deposits not so barred is not sufficient to give the court jurisdiction. It was another ground of demurrer that the court was without jurisdiction of the action for the reason that the liability of the defendant on account of loans not barred by section 359 of the Code of Civil Procedure did not amount to three hundred dollars.

We think it is clear that the objection just specified was not good, and that the court erred in sustaining the demurrer to the *whole complaint* on account thereof, and in giving judgment that plaintiff take nothing by his action. Our constitution, in declaring the original jurisdiction of the superior court, provides that it shall have such jurisdiction "in all cases . . . in which the demand, exclusive of interest or the

value of the property in controversy amounts to three hundred dollars.'' It is thoroughly settled that the question whether the superior court has jurisdiction in an action at law is to be determined by the demand or prayer of the complaint, made in good faith and reasonably supported by the allegations on which it is founded, and that if this demand amounts to three hundred dollars, exclusive of interest, such court has jurisdiction of the case for all purposes, entirely regardless of the amount which the plaintiff may finally be held to be entitled to recover. (See *Solomon* v. *Reese,* 34 Cal. 28; *Dashiell* v. *Slingerland,* 60 Cal. 653; *Lord* v. *Goldberg,* 81 Cal. 596, [15 Am. St. Rep. 82, 22 Pac. 1126]; *Henigan* v. *Ervin,* 110 Cal. 37, [42 Pac. 457]; *Becker* v. *Superior Court,* 151 Cal. 313, [90 Pac. 689].) Jurisdiction of the cause attaches at the time of the commencement of the action, and cannot be divested by the establishment to the satisfaction of the court of a defense to the whole or any portion of the claim, whether by demurrer, or by evidence on the trial. Jurisdiction of the cause having attached, the court must give judgment in favor of the plaintiff for such amount as it finds him entitled to recover, even though that amount be less than the amount specified in the constitutional provision as necessary to give the superior court jurisdiction. The situation is no different here from what it would have been had the facts showing the action to be barred not been apparent on the face of the complaint, and the defense had been set up by answer and sustained by evidence on the trial. In the latter case it would have been the duty of the trial court to give judgment for the portion of the demand not barred, if it found the plaintiff entitled thereto, even though such portion was less than three hundred dollars. So here, having sustained the defense of the statute of limitations interposed by demurrer to portions of plaintiff's claim, it should have overruled the demurrer as to the portions as to which it was not well grounded, allowed defendant to answer as to. such portions, if he so desired, and determine the issues thus made. It could not properly give final judgment denying plaintiff relief as to those portions of his claim as to which no valid defense had been interposed, notwithstanding that such portions did not amount to three hundred dollars. Our conclusions in this matter are sustained not only by the California cases we

have cited, but also by the following cases cited in plaintiff's brief, viz.: *Schunk* v. *Moline* etc. Co., 147 U. S. 500, [37 L. Ed. 255, 13 Sup. Ct. Rep. 416] ; *Upton* v. *McLaughlin,* 105 U. S. 640, [26 L. Ed. 1197] ; *Waterfield* v. *Rice,* 111 Fed. 625; [49 C. C. A. 504] ; *Board of Commrs.* v. *Vandriss,* 115 Fed. 866, [53 C. C. A. 192].

Referring, further, for the purpose of future proceedings, to the special demurrer interposed by defendant, we are satisfied that none of the grounds is well based, except possibly the claim of uncertainty made in paragraph V. of the demurrer, applicable only to two out of thirty-one deposits, those of Knowlton & Bill and Cassel & Leonard, the alleged uncertainty being in the allegation as to the number of subscribed shares of the capital stock of the California Safe Deposit & Trust Company at the time of such deposits.    We are inclined to the opinion that the portions of the complaint referred to are open to the objection of uncertainty thus made.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Sloss, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.