[Civ. No. 2170.  Third Appellate District.—November 24, 1920.]

PETER NEWMAN, Appellant, v. L. W. NICKELL et al., Respondents.

[1] PROMISSORY NOTE — PAYMENT — EXECUTION OF NEW NOTE. — A promissory note is not paid by the execution of a new note in the absence of an agreement to that effect, but the time of payment is merely suspended until the maturity of the new note.

[2] CORPORATIONS — STOCKHOLDER'S LIABILITY — STATUTE OF LIMITATIONS.—The obligation of a stockholder to creditors of the corporation is a liability created by law and the three years limitation applies to such obligation as provided in section 359 of the Code of Civil Procedure.

[3] ID.—PROMISSORY NOTES OF CORPORATION—SUBSEQUENT EXECUTION OF NEW NOTE—RUNNING OF STATUTE OF LIMITATIONS.—The three-year limitation of liability of stockholders of a corporation on the

<hr/>

1. Renewal note as discharging original note, note, **Ann. Cas.** 1915A, 1084, 1094.

corporation's notes is not extended by the subsequent giving of a new note by the corporation for the entire indebtedness, where no additional security is given and no new consideration passes.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

William A. Gett for Appellant.

J. O. Prewett and Downey & Downey for Respondents.

PREWETT, P. J., *pro tem.*—The appellant commenced this action against the respondents to recover from them their proportion of an indebtedness due to him from the Nickell Investment Company, a corporation. The respondents are sued as stockholders of the corporation. The respondents by answer admit the existence of the indebtedness by the corporation and their liability as stockholders and plead the statute of limitations. The facts of the matter are stated in the findings substantially as follows:

In April, 1911, the corporation purchased from the appellant a certain tract of real property situated in the city of Sacramento, for the agreed price of forty-eight thousand dollars, and at the same time paid on the purchase price thereof the sum of thirteen thousand dollars in cash and executed its promissory notes in the sums of five thousand dollars and thirty thousand dollars, respectively. As security for the payment of the two promissory notes, it executed its trust deed to trustees conveying the premises purchased. On March 19, 1917, the notes remaining wholly unpaid, the corporation executed to the appellant one new note for the entire indebtedness of thirty-five thousand dollars and secured the payment of the same by the execution of a new trust deed conveying the same premises. The old notes were delivered up and destroyed. The resolution of the directors authorizing the execution of the new note recites: "Whereas, the said Peter Newman is willing at this time to renew the entire loan of thirty-five thousand dollars and to accept a new note from this cor-

poration, etc.'' The trial court found that the execution of the new note was but a renewal of the original indebtedness, found in favor of the defendants upon their plea of the statute of limitations and rendered judgment accordingly.

The appellant insists that the finding of the court to the effect that the execution of the new note was but a renewal of the former indebtedness of the corporation to him is not sustained by the evidence, and that, on the contrary, the evidence shows that the execution of the new note was an entirely new and distinct transaction. But this position is untenable. [1] *Prima facie* the execution of a new note to take the place of an old one is not a payment unless it is expressly so provided. Among a multitude of authorities in this state to the same effect touching this point, we will quote from but one. ''It is a well-settled rule that, in the absence of an agreement to that effect, a promissory note is not paid by the execution of another note; but that the time for payment is thereby merely suspended until the maturity of the new note.'' (*White* v. *Stevenson*, 144 Cal. 108, [77 Pac. 830].)

[2] It is equally well settled by a like extended line of authorities that the obligation of a stockholder to creditors of his corporation is a liability created by law and that the three years limit applies to such obligation, as provided in section 359 of the Code of Civil Procedure. This doctrine has been much discussed in this state but it is too firmly established to be open to question. (*Hunt* v. *Ward*, 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335]; *Bank of San Luis Obispo* v. *Pacific Coast S. S. Co.*, 103 Cal. 594, [37 Pac. 499]; *Wells* v. *Black*, 117 Cal. 157, [59 Am. St. Rep. 162, 37 L. R. A. 619, 48 Pac. 1090]; *Santa Rosa National Bank* v. *Barnett*, 125 Cal. 408, [58 Pac. 85]; *Jones* v. *Goldtree*, 142 Cal. 383, [77 Pac. 939]; *Gardiner* v. *Royer*, 167 Cal. 238, [139 Pac. 75].) [3] In the instant case, no additional security was given and no new consideration passed. There never was at any time an actual borrowing of money from the appellant and the whole indebtedness from first to last was merely for the unpaid balance of the purchase money. This is the only point in the case. The facts are undisputed, the law applicable to

the case is free from doubt, and we find no just cause to interfere with the conclusions of the lower court.

The judgment appealed from is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 20, 1920.

All the Justices concurred.