*1216 Opinion
BLEASE, J.
This is an appeal after a judgment for the defense following a jury trial in a medical malpractice action. In the published portion[1] of this opinion we address the contention of plaintiffs Carole and Thomas Sharpies (tiie Sharpies) that the trial court erred in awarding to defendant Richard Chole the costs of the services of expert witnesses under Code of Civil Procedure section 1141.21,[2] which provides for such an award if a party electing trial de novo following an arbitration fails to recover a judgment more favorable than the arbitration award. We will reverse the judgment insofar as it awards such costs and.in all other respects affirm the judgment.
Facts and Procedural Background
The Sharpies filed two complaints, later consolidated. The first alleges that Chole committed battery in removing the stapes bone from Carole Sharpies’s right ear without her consent during surgery, causing inter alia, physical and emotional harm, medical expenses and work loss, and general damages in amounts not yet ascertained. The second seeks the same damages for medical malpractice premised on the negligent placement of the steel piston with which the stapes was replaced.
The Sharpies filed an at-issue memorandum form. On the portion of the form entitled “Arbitration” they checked a box representing that the case is exempt from judicial arbitration and supplied as the reason: “Damages in excess of $50,000.” In Chole’s response form he checked the box under “Arbitration,” representing that the matter is suitable for judicial arbitration.
The matter came before the trial court at an arbitration conference. We have been furnished no reporter’s transcript of the conference. The only relevant document of record is entitled “Order of Referral to Arbitration,” subscribed by the trial court, which says: “The court referred the matter to arbitration with no limit on the award amount.” The parties agree the Sharpies voiced their objection at the arbitration conference on the ground the damages exceeded $50,000. The arbitration resulted in an award for Chole.
The Sharpies elected to have a trial de novo, which resulted in a defense verdict. Chole filed a cost bill requesting $22,040.78 in deposition costs and $52,536.02 in witness fees. The Sharpies filed a motion to strike the costs, *1217 contending that $63,000 of the claimed costs were predicated on their failure to obtain a judgment more favorable than the arbitration award, as provided in section 1141.21. They claimed the statute is inapplicable because the matter was exempt from judicial arbitration.
The trial court denied the motion to strike costs. This appeal followed.
Discussion
I
The Sharpies contend the trial court erred in awarding Chole expert witness fees under section 1141.21, which provides for such reimbursement if the judgment is not more favorable to the party requesting trial de novo than the judicial arbitration award.[3] They argue that the costs are unwarranted because the case was erroneously assigned to judicial arbitration, under California Rules of Court, rule 1600,[4] since the amount in controversy exceeded $50,000 and they objected to the assignment.
This raises two questions, did the trial court err in assigning the matter to judicial arbitration and, if so, does this render section 1141.21 inapplicable.
A.
The Sharpies claim the matter should not have been assigned to judicial arbitration because it is indisputable the amount in controversy *1218 exceeded $50,000 shown by their evidence at trial. This claim mistakes the vantage point for measuring the amount. It must be ascertained at the point the matter is assigned to arbitration without the hindsight of trial.
Section 1141.11 provides that a case “shall be submitted to arbitration . . . if the amount in controversy in the opinion of the court will not exceed fifty thousand dollars . . . .”[5] Section 1141.16 provides that, unless the parties stipulate that it exceeds $50,000, the court must determine the amount in controversy, under section 1141.11, at a conference attended by the parties or counsel.[6] The section also provides that the determination shall be made on the assumption there is liability and no defenses. Rule 1600, upon which the Sharpies rely, simply reflects these governing statutes. (See § 1141.14.)
The trial court is not constrained to accept plaintiffs’ demand for damages as the measure of the amount in controversy.
Section 1141.11 frames the issue as whether “the amount in controversy in the opinion of the court will not exceed fifty thousand dollars . . . .” The discretionary language—“in the opinion of the court”—was added during its enactment. When introduced, the legislation adding the section provided for arbitration only “if the amount in controversy does not exceed $15,000.” (Sen. Bill No. 1362 (1977-1978 Reg. Sess.) § 2.) It was then amended to provide for arbitration if “the amount in controversy docs not in the opinion of the court will not exceed $15,000.” (Sen. Amend, to Sen. Bill No. 1362 (1977-1978 Reg. Sess.) Mar. 1, 1978 [the amount has been subsequently *1219 increased to $50,000].) The discretion is to be exercised at a conference, which implies there is need for interaction between the parties and the court and for the consideration of matter outside the pleadings.
By way of contrast, subject matter jurisdiction based upon the amount in controversy is ordinarily measured by the pleadings. (See § 86 [municipal court has jurisdiction “[i]n all cases at law in which the demand, exclusive of interest, or the value of the property in controversy amounts to twenty-five thousand dollars ($25,000) or less” (italics added)]; Gardiner v. Royer (1914) 167 Cal. 238, 244 [139 P. 75]; see also § 396 [case shall be transferred to court having jurisdiction “[i]f an action ... is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition” (italics added)]; 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 19, p. 385.)
In light of these considerations, we conclude that the statutes assign discretion to the trial court to make a practical assessment of the maximum damages recoverable at trial. If the amount in controversy is disputed, the parties should offer representations in the nature of an offer of proof of damages. The trial court can form an opinion based on these representations, akin to opening statements concerning what the admissible evidence revealed in discovery will show with respect to potential damages.
It follows that the standard of appellate review for error in assigning a matter to judicial arbitration is whether there has been an abuse of discretion in the exercise of the trial court’s judgment. We are presented the matter on a starveling record. The at-issue memoranda show only that the Sharpies claimed the amount in controversy exceeded $50,000 and Chole asserted the matter was suitable for arbitration. These positions were reiterated at the arbitration conference.
Ordinarily, all intendments and presumptions must be indulged in support of the judgment on matters as to which the record is silent. (See 9 Witkin, op. cit. supra, Appeal, § 268, p. 276.) However, the absence of a complete record does not invariably preclude a determination that there has been an abuse of discretion in a matter such as this. In Walker v. Superior Court (1991) 53 Cal.3d 257 [279 Cal.Rptr. 576, 807 P.2d 418], the question was whether the superior court erred in transferring cases to the municipal court pursuant to section 396, which directed transfer if it “appears from the verified pleadings, or at the trial, or hearing” that “the action . . . will necessarily involve” a determination that a damage award would necessarily be below $25,000. Despite the absence of a reporter’s transcript, the Supreme Court discerned an abuse of discretion from the nature of the damages demanded and the background of the case. (53 Cal.3d at pp. 273-274.)
*1220 Here, as in Walker, the damages demand is advanced in association with allegations in the complaint of physical injury accompanied by medical expenses and wage loss arising from a claim of medical malpractice. Under section 1141.16 the trial court was constrained to presume liability and to disregard defenses. Under sections 1141.11 and 1141.16 the trial court must have some basis in fact for its opinion that the damages, considered in isolation, are significantly inflated and can be discounted below the $50,000 level.
On appeal Chole suggests no facts upon which the trial court might have predicated such an opinion. Nor is there reason to believe the Sharpies would have failed to make an offer of proof upon inquiry by the trial court. In light of these considerations, we conclude that the trial court either failed to exercise its discretion or abused its discretion in determining that the matter should be assigned to judicial arbitration.
B.
That brings us to the question whether the error in assigning the case to arbitration renders inapplicable the additional cost award which section 1141.21 directs where the recovery in the trial de novo is less than that obtained in the arbitration proceeding.
Chole argues that this remedy is foreclosed by section 1141.26, which provides that if the arbitration award exceeds the $50,000 measure of section 1141.11 and the judgment also exceeds that amount, the cost award provision, section 1141.21, shall not be applied. He suggests that since section 1141.26 expressly addresses costs in one circumstance where the arbitration award exceeds $50,000, it means that costs shall in all other circumstances be awarded, regardless whether there has been an erroneous assignment to arbitration.
Chole’s reasoning is faulty. Where the amount in controversy incontestably exceeds $50,000, a matter may be assigned to arbitration without error pursuant to a stipulation by the parties. (§ 1141.12.) Section 1141.26 is presumably addressed to these lawful circumstances and bears no implication of a legislative policy choice to impose section 1141.21 costs regardless of a nonconsensual imposition of arbitration as the result of an abuse of discretion under section 1141.11.
Chole also argues that the Sharpies should be deemed to have waived the claimed error, because if the arbitration had gone in their favor and he had requested trial de novo he would have been subject to the analogous cost *1221 award under section 1141.21. In some circumstances the failure to seek available relief from an erroneous order before trial might be deemed a waiver for purposes of an appeal after the judgment if the appellant gained an unjust advantage from delay. (See generally, e.g., People v. Pompa-Ortiz (1980) 27 Cal.3d 519 [165 Cal.Rptr. 851, 612 P.2d 941].) This is not such a case.
If Chole suffered a cost award under section 1141.21 he could not complain that assignment to arbitration was erroneous, because he invited that error in contending in his counter at-issue memorandum that the matter was suitable for arbitration. He cannot demand that the Sharpies have moved more expeditiously to remove a risk he willingly inflicted upon himself.
The Sharpies were disadvantaged by the error in requiring that they participate in judicial arbitration. The disadvantage can be remedied by treating the matter as if the error had not occurred. In the circumstances presented in this case the Sharpies should not be required to pay the additional costs provided for under section 1141.21.
II
Introduction*
Disposition
Insofar as the judgment awards costs under section 1141.21 it is reversed; with that exception the judgment is affirmed. The matter is remanded to the trial court with directions to determine costs in a manner consistent with this opinion. Plaintiffs shall recover their costs on this appeal.
Puglia, P. J., and Scotland, J., concurred.

 The Reporter of Decisions is directed to publish this opinion except for part II of the Discussion.

 References to a section are to the Code of Civil Procedure unless noted otherwise.

 Section 1141.21 in pertinent part is as follows:
“(a) If the judgment upon the trial de novo is not more favorable in either the amount of damages awarded or the type of relief granted for the party electing the trial de novo than the arbitration award, the court shall order that party to pay the following nonrefundable costs and fees, unless the court finds in writing and upon motion that the imposition of such costs and fees would create such a substantial economic hardship as not to be in the interest of justice:
“(in) To the other party or parties, the reasonable costs of the services of expert witnesses, who are not regular employees of any party, actually incurred or reasonably necessary in the preparation or trial of the case.”

 References to a rule are to the California Rules of Court. Rule 1600 is as follows:
“Except as provided in rule 1600.5 the following actions shall be arbitrated:
“(a) Upon stipulation, any action in any court, regardless of the amount in controversy. “(b) Upon filing of an election by a plaintiff, any action in any court in which the plaintiff agrees that the arbitration award shall not exceed $50,000.
“(c) In each superior court with 10 or more judges, all civil actions where the amount in controversy does not exceed $50,000 as to any plaintiff.”
Rule 1600.5, in pertinent part, is as follows:
“The following actions are exempt from arbitration:
“(h) Actions involving multiple causes of action or a cross-complaint if the court determines that the amount in controversy as to any given cause of action or cross-complaint exceeds $50,000.”

 Section 1141.11 in pertinent part is as follows: “(a) In each superior court with 10 or more judges, all at-issue civil actions pending on or filed after the operative date of this chapter shall be submitted to arbitration, by the presiding judge or the judge designated, under this chapter if the amount in controversy in the opinion of the court will not exceed fifty thousand dollars ($50,000) for each plaintiff, which decision shall not be appealable.”

 Section 1141.16, in pertinent part, is as follows:
“(a) The determination of the amount in controversy, under subdivision (a) or (b) of Section 1141.11 and Section 1141.12, shall be made by the court and the case submitted to arbitration at any conference at which all parties are present or represented by counsel. Such conference shall be held no later than three months after the at-issue memorandum is filed or no later than 90 days before trial, whichever occurs first. At that time the court shall make a determination whether any prayer for equitable relief is frivolous or insubstantial, which decision shall not be appealable. The date of such conference may be postponed upon motion of any party for good cause shown. No determination pursuant to this section shall be made if all parties stipulate in writing that the amount in controversy exceeds the amount specified in Section 1141.11.
“(b) The determination and any stipulation of the amount in controversy shall be without prejudice to any finding on the value of the case by an arbitrator or in a subsequent trial de novo. The determination shall be based on the total amount of damages, and the judge shall not consider questions of liability or comparative negligence or other defenses.”

 See footnote 1, ante, page 1216.